IDA G. HORNER v. SARAH P. HORNER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF ADAMS COUNTY.

Argued June 1, 1891—Decided January 25, 1892.

1. Where no time for payment is mentioned in a note, the legal inference
is that it is payable on demand; but, in an action by the payee against the
maker, such inference may be rebutted by proof of a parol contempo-
raneous agreement fixing the time of payment: Ross v. Espy, 66 Pa.
481.

2. Moreover, in an action between the parties thereto, a written instru-
ment, obtained on the faith of a contemporaneous parol agreement
omitted therefrom by consent, cannot be enforced in violation of such
agreement. The attempt so to use it subjects the writing to modifica-
tion by parol evidence of what occurred at its execution.

(a) A rule of court (1876) as to appeals from justices, provided: "In
case of appeal by defendant, he shall, at the time of filing the tran-
script, enter and serve a rule to declare in thirty days from the first day
of the term to which the transcript is filed; plaintiff's counsel to give
notice to defendant's counsel of the filing of the narr, and to plead in
thirty days."

(b) Another rule (1889) provided: "No statement of claim need be filed
by the plaintiff, unless the defendant enter a rule for a more specific
statement than that contained in the transcript of the justice; and in
such case, upon the filing of such specific statement, the defendant will
be required to reply thereto, as in other cases."

(c) A defendant, appealing, filed the transcript on January 25th, and the
same day ruled the plaintiff to declare. On February 11th, plaintiff
filed a statement of claim, and gave notice thereof to the defendant's
attorney, adding, "and that you will be compelled to plead, etc., sec.
reg." On March 13th, the defendant pleaded, and the cause was put at
issue :

3. In such case, judgment was properly entered on April 12th, for want
of an affidavit of defence; the refusal of the court to open the judg-
ment and permit the defendant to file an affidavit of defence was not
reviewable, and the plaintiff's notice to plead was not a waiver of the
right to judgment: O'Neal v. Rupp, 22 Pa. 395, and Duncan v. Bell,
28 Pa. 516, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 3 May Term 1891, Sup. Ct.; court below, No. 107 Janu-
ary Term 1890, C. P.

Statement of Facts.

On January 25, 1890, an appeal was entered by the defendant from the judgment of a justice of the peace in favor of Ida G. Horner against Sarah P. Horner. On the same day, the defendant entered a rule on plaintiff " to declare in thirty days from January 27, 1890, or judgment."

On February 11, 1890, the plaintiff filed a statement of claim upon a note as follows :

" $275.                                    March 24, 1882.

" I promise to pay Ida G. Horner, or order, two hundred and seventy-five dollars, with interest from February 10, 1882, for value received.                                    S. P. HORNER."

Indorsed on the note was a credit of $35, of date April 6, 1882, and of interest paid in full to April 1, 1888.

The same day, February 11th, the plaintiff's attorney served upon the defendant's attorney the following : " Please take notice that the plaintiff's statement in the above case has been filed this day, and that you will be compelled to plead, etc., secundum regulam." On March 13th, the defendant pleaded non-assumpsit, payment, and set-off.

On April 12, 1890, plaintiff, by her attorney, moved for " judgment against the defendant for want of an affidavit of defence ; amount to be liquidated by the prothonotary." Motion granted ; liquidated, and judgment entered the same day for $269.37.

On May 12, 1890, the defendant moved orally, and, with leave then granted, moved afterward by writing filed April 22, 1890, to strike off the judgment entered on April 12th, " because the same was entered erroneously by defendant [plaintiff], and assigns grounds therefor as follows :

" 1. The judgment was entered, as stated in motion, 'for want of an affidavit of defence ' when no affidavit of defence was required under the Rules of Court relating thereto.

" 2. The entering of the judgment by default for want of an affidavit of defence was not justified by Rule of March 5, 1887, as to appeals.

" 3. Nor was it justified by order of court to No. 8 January Term 1889.

" Judgment by default having been entered 'for want of an affidavit ' which was not required, (the defendant having filed her pleas, when ruled to do so by the plaintiff, within the re-

quired time), the court is asked to take off the judgment, and allow the suit to proceed under the issue joined under the pleas heretofore filed."

The foregoing motion was ordered for argument on May 3, 1890, and on that day continued to May 8th.

On May 8, 1890, the defendant filed an affidavit of defence averring, in substance, that the note upon which suit was brought did not express any time for payment of the money promised, for the reason that by agreement of the parties, maker and payee, omitted from the note by mutual consent, the note was not to be paid by the maker until the payee should marry; that there was a further condition, omitted also by mutual consent, that the payee should begin with the maker to learn and complete the business of millinery, and was to continue with the maker, assisting her in her business, until the payee should marry; but that, though the plaintiff had been boarded and clothed, etc., by the defendant, until about October 1, 1889, she then left the defendant without cause and afterward remained away.

On argument, the motion to strike off the judgment was refused, and the affidavit of defence " disallowed as out of time and insufficient;" exception: [1] McClean, P. J.

On May 20, 1890, the defendant moved to renew her motion to strike off the judgment, entered April 12, 1890, for the reasons following:

"1. The judgment was entered on motion of plaintiff's attorney, filed April 12, 1890, as ' for want of ₁an affidavit of defence,' when no affidavit of defence was required in this case, under the Rules of Court relating to appeals, in the situation of the case as it then stood at issue and upon the issue docket.

"2. The entering of the 'judgment by default for want of an affidavit of defence' was not justified by Rule of March 5, 1887, as to appeals, which gave no such authority.

"3. The entering of said 'judgment by default for want of an affidavit of defence' was not justified by the order of court to No. 8 January Term 1889; it being only in case that ' the defendant enter a rule for a more specific statement than that contained in the transcript of the justice,' that the defendant is required to reply thereto by an affidavit, as in the other cases.

"4. If upon a strict construction of said order of court to

Statement of Facts.

No. 8 January Term 1889, the plaintiff could have a motion to enter judgment by default for want of an affidavit of defence, in the case in hand, the defendant appeals to the proper discretion of the court in her case for relief, on the ground that having no knowledge of the law and the practice in such or any case, she was in total ignorance of this whole matter of the pleadings in this case and properly left it all to her counsel, and had no knowledge or information about it until she learned that the judgment in favor of the plaintiff had been entered against her; and she is informed by her said counsel that, on a careful examination of the Rules of Court and the law relating to her case, he was of opinion that no affidavit of defence was required in this case; and when he requested her to make the affidavit, (which was made with full knowledge of the facts stated in it and filed May 8th inst.,) he said to her, he did not believe it was required, but it was taken out of extreme caution. Her attorney has further advised her, that the two Rules or orders of court referred to, if capable of the construction claimed by plaintiff, are calculated to mislead or be misunderstood; and that he was not negligent but sincerely of the opinion stated, that there was no affidavit of defence required, as the case stood at issue and on the issue docket at the time the motion of plaintiff was filed in his absence, and judgment entered thereon against her. She accompanies this motion with a motion to open the order of court disallowing her first motion of May 8th, and prays that relief be granted her."

The foregoing motion in writing, verified by the affidavit of the defendant, and by an accompanying affidavit of her attorney, was refused; exception:[2] McCLEAN, P. J.

The Rules of Court of Adams county embrace the following:

RULES, OCTOBER 16, 1876.

"II. In cases of appeals from judgments of justices of the peace, in which the plaintiff is the appellant, he shall file his declaration within thirty days from the first day of the term to which the transcript is filed, and at the time of filing his declaration shall enter and serve a rule to plead in thirty days. In case of appeal by defendant, he shall, at the time of filing the transcript, enter and serve a rule to declare in thirty days from the first day of the term to which the transcript is filed; plaintiff's counsel to give notice to defendant's counsel of the filing

of the narr, and to plead in thirty days.   Where appeals are entered by the parties personally, it shall be the duty of the prothonotary, at the time of the filing of the transcript, to give notice of the requirements of this rule to the appellant, and enter such notice of record."

" VI.  All cases, when put at issue, to be entered on the trial docket."

### RULE, MARCH 5, 1877.

"In cases of appeals from judgments of justices of the peace, the transcript may be treated as the narr.   When the defendant is the appellant, he shall within thirty days from the time of filing the transcript, plead to it and thereupon give notice of the plea to the plaintiff or his attorney."

### ORDER, TO NO. 8 JANUARY TERM 1889.

" In all cases of appeal from judgments of justices of the peace, the pleadings and procedure shall be the same as in like cases commenced in court.   No statement of claim need be filed by the plaintiff, however, unless the defendant enter a rule for a more specific statement than that contained in the transcript of the justice; and in such case, upon the filing of such specific statement, the defendant will be required to reply thereto by affidavit as in the other cases."

—The judgment remaining, the defendant took this appeal, specifying that the court erred :

1, 2.  In the orders refusing to strike off the judgment, and disallowing the affidavit of defence as out of time and insufficient, entered May 8 and May 20, 1890.[1][2]

*Mr. D. McConaughy*, for the appellant.

As to the right to take judgment, counsel cited: Hamer v. Humphreys, 2 M. 28; O'Neal v. Rupp, 22 Pa. 395; Duncan v. Bell, 28 Pa. 518; Marlin v. Waters, 127 Pa. 177; Gould v. Gage, 118 Pa. 559.   As to the sufficiency of the affidavit of defence : Shaw v. Turnpike Co., 2 P. & W. 454, 461; Alexander v. Hoffman, 5 W. & S. 382; Martin v. Schoenberger, 8 W. & S. 367.

*Mr. W. C. Sheely*, for the appellee.

That the act of May 25, 1887, P. L. 271, does not embrace appeals from justices of the peace, counsel cited : Wilkes-Barre v. Felts, 134 Pa. 529.   Rules requiring an affidavit of defence on

Opinion of the Court.

such appeals, have been sustained: Guffey v. Harding, 1 Penny. 429, and the power of the court to make and construe them has never been questioned; § 21, act of June 16, 1836, P. L. 793; Barry v. Randolph, 3 Binn. 277; Vanatta v. Anderson, 3 Binn. 417; Snyder v. Bauchman, 8 S. & R. 338; Mylin's Est., 7 W. 64; Gannon v. Fritz, 79 Pa. 303; Reese v. Reese, 90 Pa. 89; Umberger v. Zearing, 8 S. & R. 163; Sterling v. Ritchey, 17 S. & R. 263; Rundel v. Keeler, 7 W. 237; Grove v. Donaldson, 15 Pa. 128; Frank v. Colhoun, 59 Pa. 385; Carey v. Commonwealth, 4 Brewst. 62; Coleman v. Nantz, 63 Pa. 181; Russell v. Archer, 76 Pa. 473; Stedman v. Poterie, 139 Pa. 100; Endlich on Aff. of Def., § 25; Wickersham v. Russell, 51 Pa. 73; special act as to Adams county, April 9, 1868, P. L. 780. That, the judgment having been properly entered, the refusal to open it was not reviewable: Catlin v. Robinson, 2 W. 379; Henry v. Brothers, 48 Pa. 71; Hill v. Irwin, 32 Pa. 314. That the note impliedly was payable on demand; Hall v. Toby, 110 Pa. 320; 1 Daniel on Neg. Inst., § 88; Brenzer v. Wightman, 7 W. & S. 264; Byles on Bills, * 90; Randolph on Com. Paper, § 120; Thompson v. Ketcham, 8 Johns. 146; Smith on Cont., 38.

OPINION, MR. JUSTICE McCOLLUM:

The contest in this case is between the maker and payee of the note in suit. The note is therefore subject to any equitable defence or set-off which the maker has against it. If it was executed and delivered upon, and as part of the agreement set out in the affidavits, the terms of the agreement, and the damages resulting from a breach of it, are matters proper to be considered in this action. As no time is mentioned in the note for its payment, the legal inference is that it is payable on demand; but this inference may be rebutted by proof of a contemporaneous parol agreement fixing the time for the payment of it: Ross v. Espy, 66 Pa. 481. Such agreement is not in contradiction of the terms of the written instrument; it only prevents the implication raised by the law, in the absence of any agreement as to the time of payment. The evidence of it is not, therefore, in violation of the rule which forbids the introduction of oral testimony to destroy, contradict, or vary the terms of a written contract. It is also well settled in Pennsylvania, that a written instrument, obtained on the faith of a

Opinion of the Court.

contemporaneous parol agreement, cannot be enforced in violation of such agreement.   The attempt to so use it, subjects the writing to modification or contradiction by parol evidence of what occurred at its execution.

In view of these principles, we think the affidavits of the eighth and twentieth of May contain a valid answer to the appellee's claim.   But it is alleged that they were not presented in time, and that the judgment was properly entered for want of an affidavit of defence.   If this is so, the judgment must stand, because we cannot review the action of the court in refusing to take off a judgment so entered.   We may think that the court, in the exercise of a sound discretion, might properly have set aside the judgment, and allowed the appellant to present her defence to a jury, but this alone would not justify a reversal for denying her motion to take it off.   It must be a palpable abuse of discretion, which will warrant our interference in such a matter.   We inquire, then, whether it was the duty of the appellant, under the rules of court, to answer the appellee's claim by affidavit, and, if so, whether she was in default at the time the judgment was entered.

There are three rules of court which relate to the subject, and these we will consider in the order of their adoption.   The first provides, that when the defendant appeals from the judgment of a justice of the peace, he shall, at the time of filing the transcript, enter and serve a rule on the plaintiff to declare in thirty days from the first day of the term to which the transcript is filed, and that the plaintiff shall give notice to the defendant of the filing of the narr, and to plead in thirty days. The second rule is, in terms, alternative to the first, and provides that the transcript may be treated as the narr, and, within thirty days from the filing of it by the defendant, he shall plead to it.   The third rule makes the pleadings and the procedure on appeals from the judgments of justices of the peace the same as in like cases commenced in court, but dispenses with the filing of a statement of claim, other than the transcript, unless the defendant enters a rule for a more specific statement; and, in such case, on the filing of such statement, he " is required to reply thereto by affidavit, as in the other cases."   In this case, therefore, the appellant might have treated the transcript as a narr, and, if she had done so, she could not have been called

on for an affidavit of defence.  But she elected to require a more specific statement of claim, and when she received notice of the filing of it, she became liable to be proceeded against under the third rule.   There is nothing confusing or inconsistent in these rules ; they constitute an intelligible system, under which the appellant had an option to treat the transcript as the narr, or compel a more specific statement of claim.   As she sought and obtained a more specific statement, it became her duty to file a sworn answer to it within thirty days.   Because she did not do this, judgment was entered against her under the rules.   These rules are not unreasonable, and the power of the court to make them cannot be doubted.

We are unable to find any action on the part of the appellee which can be construed into a waiver of her right to require an affidavit of defence.   The notice to plead was compulsory, by the terms of the rule under which the appellant proceeded for a more specific statement of claim, and cannot operate as a waiver or estoppel.   It may be conceded that the right to an affidavit of defence may be waived, but a mere notice to plead, when required by the rule under which the appellant asked for a specific statement, is not a waiver.   In O'Neal v. Rupp, 22 Pa. 395, a rule to plead and a rule to arbitrate were entered nearly four months after the affidavit of defence was filed, and subsequently a judgment was taken for want of a sufficient affidavit; and it was held that " a party who intends to ask for judgment for the reason that the affidavit of defence is deficient, must do so before he has taken any steps in the cause, subsequent to the affidavit, calculated to mislead his opponent." But, in Duncan v. Bell, 28 Pa. 516, this court refused to hold that the reference of a cause to arbitrators at the instance of the plaintiff, and an award in his favor, from which the defendant appealed, making the usual affidavit for that purpose, was a waiver on the part of the plaintiff of the right to require an affidavit of defence.   The case, as reported, is misleading, because the only point decided was that the affidavit was filed in time.   We have noticed these cases specifically, as they are cited by the appellant in support of her claim of waiver.

As we cannot agree with the appellant that there was a waiver, or that the rules in question are confusing, inconsistent or unlawful, we are constrained to affirm the judgment.

Judgment affirmed.