NASH, ADMR., v. WOODWARD.

1. FINDING OF FACT—APPEAL.—Where the finding in an equity case by
the master is reversed by Circuit Judge, this Court will not disturb
the judgment unless appellant shows by preponderance of evidence
that the finding by Circuit Judge was erroneous.

2. DUE BILL.—RIGHT OF ACTION on a due bill payable on demand does
not arise until after demand.

3. LIMITATION OF ACTIONS—AGENT.—FINDING that a son must pay a
note due his mother barred by the statute, and the value of one due
her by a third party, which had been delivered to maker, because he
was her agent and charged with the custody of the note, reversed.

4. PAYMENT—NOTE.—Balance due on running account at end of year
cannot be construed as payment on a note held by party, in whose
favor balance was against the other.

Before BUCHANAN, J., Sumter, July, 1895.   Modified.

Action by Shepard Nash, as administrator of Mrs.
Nancy Woodward, against J. Frierson Woodward. The
report of the master is as follows, omitting formal parts:

"At the call of the reference to hear the argument in this
case, plaintiff's counsel moved to amend the complaint in
order that the allegations of the complaint may conform to
the facts proven; the amendment to be as follows: Allega-
tion 3—That on the      day of November, 1895, the de-
fendant, J. Frierson Woodward, paid on his said note of
$150 the sum of $10, and thereby promised to pay to the said
Nancy Woodward the sum of $150 and interest from that
date.   That on the      day of November, 1895, the defend-
ant, J. Frierson Woodward, paid on his said note of $350 the
sum of $41.03, and thereby promised to pay to the said
Nancy Woodward the sum of $308.97 as of that date.   The
defendant's attorney objects to the amendment: First. Be-
cause he submits to the Court that there is no testimony upon
which to pass such an amendment.   Second. Because this
action is in the nature of an action against the defendant,
calling him to account for failure to perform his duty, as
agent, in reference to the notes referred to in the complaint,

and also for an accounting for certain monies alleged to have been received by him as agent; and the proposed amendment seeks to wholly change the nature of the action, and into an action upon the notes referred to in the complaint; whereas, in the complaint as brought no recovery is sought to be had upon the notes themselves, which by the terms of the complaint are alleged to be out of date, and judgment is specifically demanded in the complaint for their value. Third. Because, if the said amendment be allowed, it resolves the complaint, or so much of it as relates to these notes, into an action at law, and the defendant would be entitled to and would demand a trial by jury, and the master would be ousted of jurisdiction. After hearing argument of counsel for plaintiff and defendant on the proposed amendment, I have concluded that the amendment does change materially the natures of the action, and for that reason I have disallowed the amendment.

"After hearing the argument of counsel for plaintiff and defendant on the whole case, and after a careful review of all the testimony taken in the case, I beg leave to make the following report:

"First. I find as a matter of fact, from the testimony, that Mrs. Nancy Woodward died about the 23d day of July, 1899.

"Second. I find as a matter of fact, from the testimony, that Shepard Nash is the duly qualified administrator of the estate of the said Nancy Woodward, deceased.

"Third. I find as a matter of fact, from the testimony, that the defendant, J. Frierson Woodward, was the agent of his mother, the said Mrs. Nancy Woodward, deceased, from the time he rented the land from Henry Woodward, to wit: from January 1st, 1895, to the time of the death of said Nancy Woodward, which occurred about the 23d day of July, 1899.

"Fourth. I have found some difficulty in arriving at a satisfactory conclusion as to the amount of rents for which the defendant is liable. Mr. Henry Woodward, witness for the plaintiff, testified that the contract for rent with the de-

fendant was for six bales of cotton per year, beginning January 1st, 1895, stating at the same time that five bales of cotton was, in his judgment, a fair rent for the land; but inasmuch as his brother, the defendant, complained that the land was not bringing enough rent, I wanted him to pay enough. The defendant, on the other hand, testified that he rented the land for five bales of cotton, and had never contracted to pay more. These statements, it seems to me, offset each other. I have carefully considered the circumstances surrounding this transaction which go to corroborate the statement of Henry Woodward on the one side and of the defendant on the other side, and they seem to me to offset each other. The plaintiff has alleged a renting at six bales of cotton per year, and it is incumbent on him to establish this claim by the clear preponderance of the evidence; this, it seems to me, the plaintiff has failed to do, and for this reason I find as a matter of fact, from the testimony, that the defendant rented the land for five bales of cotton per year from January 1st, 1895, to December, 1899.

"Fifth. I find as a matter of fact, from the testimony, that the note of J. Wesley Stuckey to Mrs. Nancy Woodward, introduced in evidence in this case, was for $150, and that the same was not out of date in 1899, when it was delivered by the defendant to Walter Stuckey, one of the sons of J. Wesley Stuckey, and by him destroyed.

"From the foregoing findings of fact and from the testimony in the case, I find the accounting against the defendant to be as follows:

"To rent of land from 1895 to 1899,
  inclusive—see sworn account of de-
  fendant ........................  $736 85
To timber sold—see sworn account of
  defendant .....................       80 00
To note of defendant, April 20, 1891..$150 00
To interest from April 20th, 1891, to
  June 8th, 1901 ................ 106' 40—  256 40

To due bill of defendant, November
27, 1892 ....................... 350 00
To note, J. W. Stuckey, July, 1897.. 150 00
To interest from July, 1897, to June
8, 1891 ....................... 40 40— 190 40

    Total debits ........................$1,613 65
"By amounts paid out for and on account of Mrs.
Nancy Woodward by the defendant from 1895
to 1899—see sworn account of defendant..... 840 64

    Balance due by defendant................ $773 01

"I find as a matter of fact, that the defendant is due and owing to the plaintiff, as administrator of the estate of Nancy Woodward, deceased, the sum of $773.01.

"I find as a matter of law, that the defendant is liable to account to the plaintiff, as administrator of Nancy Woodward, deceased, for monies received and paid out by him for and on account of the said Nancy Woodward, deceased, and also for his note and due bill made to the said Nancy Woodward, deceased, and put in evidence in this case; and also for note of J. Wesley Stuckey, made to the said Nancy Woodward, deceased, put in evidence in this case, the said note having been delivered up by the defendant to Walter Stuckey, one of the sons of J. Wesley Stuckey, and by the said Walter Stuckey destroyed.

"I find as a matter of law, that the statute of limitations does not run between principal and agent, and that the note and due bill of defendant, hereinbefore referred to, to the said Nancy Woodward, are not barred by the statutes. *Hutchinson* v. *Hutchinson,* 4 DeS., page 77. *Lever* v. *Lever,* 1 Hill Ch., page 67. *Hopkins* v. *Hopkins,* Strob. Eq., page 213. Sec. 4th head note *Wardlaw* v. *Heirs of Gray,* Dud. Eq., page 85 (see page 112—the statute will not run against a note given by the agent).

"The plaintiff contends that in no event would the statute of limitations begin to run against the due bill of the defend-

ant (in evidence ex. A.), until after demand made by the payee, or tender made by the maker; and that as there was no testimony in the case going to show either demand or tender, the due bill is not barred by the statute. Under the case of *Smith* v. *Steen,* 38 S. C., page 363, I think the plaintiff's contention is correct, and I so find as a matter of law.

·"There was one other question argued before me in this case, namely, the application of certain sums of money paid by the defendant to his mother, Mrs. Nancy Woodward, during the year 1895-96, in excess of the rent due and owing by him to her for these years. The contention being that such excess of payment over the amount of rent due ought to go as credits upon the note and due bill of the defendant to the said Nancy Woodward, they being the only other debts due and owing at that time by the defendant to the said Nancy Woodward. Upon this question, I find as a matter of fact, from the testimony, that the defendant did pay to the said Nancy Woodward during the years 1895 and 1896 certain sums of money in excess of the rents due and owing by him to her for those years.

"I find as a matter of law, that the sums of money so paid by the defendant in excess of the rents due by him were proper credits on the said note and due bill as of the respective dates of such payments, and that said note and due bill are legal, subsisting and binding obligations. *Bryce* v. *Hamilton,* 12 S. C., page 37. *Baum* v. *Trantham,* 42 S. C., page 109."

From Circuit decree affirming master's report except as to rent, both parties appeal.

*Messrs. L. I. Jennings* and *Cooper & Fraser,* for plaintiff, cite: *What is agency?* 1 Ency., 2 ed., p. 937. *How appointed? Ibid.,* 952, 957. *How shown? Ibid.,* 959; 48 S. C., 345; 49 S. C., 345. *Liability of agent to principal:* 23 S. C., 216; 35 S. C., 116, 559; 23 S. C., 212. *Statute does not run between principal and agent:* 35 S. C., 559;

4 DeS., 77; Dud. Eq., 85; 1 Hill Ch., 67; 4 Strob. Eq., 215. *Statute does not begin to run against due bill until demand:* 38 S. C., 363; 18 S. C., 528. *Balance of account in favor of Mrs. Woodward is proper credit on defendant's note and due bill:* 12 S. C., 67; 42 S. C., 109. *As to direction of payment:* 4 Strob., 213; 1 McC., 368; 2 McC., 294; Bail. Eq., 342, 430; 2 Bail., 668; 1 McC., 83; 2 Rich. Eq., 66; 12 S. C., 37; 5th Mason, 82; 4 J. J. Marsh, 97; 9 Cow., 420; 37 S. C., 213; 42 S. C., 107. *As to permission of amendments:* 27 S. C., 92; 16 S. C., 231; 1 Ency. P. & P., 463, 474, 475, 515, 516, 517. *Court of equity will do complete justice:* 1 Ency. Law and Prac., 418. *Complaint only states one cause of action with several items*: 27 S. C., 623; 46 S. C., 77; 54 S. C., 325. *Accounting in equity:* 1 Ency. P. & P., 93, 96, 97.

*Messrs. Haynsworth & Haynsworth* and *Purdy & Reynolds,* for defendant.

The former cite: *As to application of payments:* 21 S. C., 221; 60 S. C., 477. *As to the relation of principal and agent affecting the bar of the statute:* Dud. Eq., 83. *On a note payable on demand, statute commences to run from the date of the note:* Rice, 247; 3 Rich., 184.

The latter cite: *Plaintiff properly not permitted to amend his complaint:* 21 S. C., 221, 242; 24 S. C., 165.

February 18, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was brought by Shepard Nash, as administrator of Mrs. Nancy Woodward (who died in July, 1899), against the defendant, for an accounting as agent of Mrs. Nancy Woodward. The complaint, omitting the formal parts thereof, is as follows:

"Second. That the defendant was one of the sons of the intestate, Mrs. Nancy Woodward, and for many years pre-

vious to her death, as plaintiff is informed and believes, was
her confidential agent, and had the control and management
of all her business and property, both real and personal.

"Third. That plaintiff is informed and believes that the
intestate was entitled to a valuable life estate in a tract of
land, and that the said defendant, as her agent, received the
rents and profits of the said land from the first day of Janu-
ary, 1895, to the          day of December, 1899; that the
said land rented for six bales of cotton per annum, amount-
ing to $180 per annum, which sum and interest this defend-
ant has failed to account for and pay over.     That there came
into his possession, as such agent, the following notes, to
wit: one of Henry Woodward, for the sum of $231 and
interest; one of Wesley Stuckey, for the sum of $400 and
interest, and two notes of the defendant, J. Frierson Wood-
ward, for the sum of $350, and one for the sum of $150,
with interest, all of which notes it was the duty of the de-
fendant, J. Frierson Woodward, as such agent, to collect or
renew; that the said J. Frierson Woodward thus allowed
said notes to go out of date * * * That the defendant also
received the sum of $80 for certain timber of the said Mrs.
Nancy Woodward and sold by him as such agent."

The issues raised by the pleadings will be seen by reference
to the report of the master, which will be reported.     His
Honor, the Circuit Judge, by a formal order, confirmed the
report of the master in all respects except as to the rent con-
tract, which in his judgment was for six bales of cotton per
annum and not for five bales, as found by the master.     Both
the plaintiff and the defendant have appealed from said
order.

The defendant's exceptions are quite numerous, but it will
not be necessary to consider them in detail.     We will first
consider whether the Circuit Judge erred in finding that the
defendant entered into an agreement to deliver six
bales of cotton as rent instead of five bales, as found
by the master.     The burden is upon the appellant to
show by the preponderance of evidence that the finding of

the Circuit Judge was erroneous. We agree with the master that the testimony on this point is about equally balanced, and are of opinion that the appellant has failed to show by the preponderance that the Circuit Judge was in error.

We proceed next to consider whether there was error in the ruling that the plaintiff was entitled to a recovery on the note called a "due bill," which was as follows: "Bishopville, S. C., Nov. 27, '92. On demand I promise to pay Mrs. Nancy Woodward three hundred and fifty ($350) dollars, without interest. J. F. Woodward." The right of action on this note did not accrue until there was a demand, which it seems was not made during Mrs. Woodward's lifetime. It was, therefore, not barred by the statute of limitations, and it was not error to render judgment thereon.

The next question that will be considered is whether the Circuit Judge erred in his ruling as to the other notes. After careful study of the testimony we have reached the conclusion that the testimony fails to sustain the allegations of the complaint as to these notes, and that they must be excluded from plaintiff's recovery. These conclusions practically dispose of all the questions presented by the defendant's exceptions.

The plaintiff has appealed upon the following exceptions: "Because his Honor erred in overruling the plaintiff's first exception, which was as follows: 'Because the master erred in not allowing the plaintiff to amend his complaint by conforming the pleadings to the facts proved, and allowing the plaintiff to allege the payments on the note as of the year 1895.'" The testimony does not show that any payments were made at that time. It is true, the account of the defendant against Mrs. Woodward in that year exceeded the amount he was then due her as rent, but this cannot be construed as a payment on the notes. There would, therefore, have been no practical benefit in allowing the amendment.

It is the judgment of this Court, that the judgment of the Circuit Court, except as herein modified, be affirmed.