## 15536
### COLEMAN v. PAGE'S ESTATE
(25 S. E. (2d), 559)

November, 1942.

*Messrs. Willcox, Hardee, Houck & Wallace,* of Florence, S. C., Counsel for Appellant,

*Mr. G. Badger Baker,* of Florence, S. C., Counsel for Respondent,

May 4, 1943. ·

Mr. Associate Justice Fishburne delivered the unanimous Opinion of the Court:

The action in this case is founded upon the following promissory note:

"$535.96                    Pamlico, S. C. Dec. 6. 1924

"————after date I promise to pay to L. B. Coleman or order Five Hundred Thirty-Five and 96/100 Dollars together with discount before and interest after maturity at the rate of 8 per cent. per annum, payable annually.

"Value received. Negotiable and payable at the Farmers & Merchants Bank, Pamlico, S. C.

"W. E. Page."

The plaintiff herein presented to the Probate Court of Florence County a claim for the allowance of the note against the estate of W. E. Page. The defendant pleaded the statute of limitations. The note was allowed, and the administratrix appealed to the Circuit Court. The lower Court held that the statute of limitations applied; that the action was barred, and rendered judgment for the defendant. The only question in the case is as to the time when the note matured and the statute commenced to run.

At common law, and under the Negotiable Instruments Act, Section 6758, 1942 Code, an instrument is payable on demand where no time for payment is expressed, unless the circumstances show a different intention. Both plaintiff and defendant agree that the note before us is payable on demand. They disagree, of course, as to when the cause of action accrued, marking the time for the commencement of the running of the statute.

By a series of early decisions in this State, the law is well settled that a promissory note payable on demand, with or without interest, is due immediately,

and that the statute of limitations runs in favor of the maker from the date of the execution of the instrument. *Harrison v. Cammer,* 2 McCord's Law 246, 13 S. C. L., 246; *Wilks v. Robinson,* 3 Rich. Law 182, 37 S. C. L.. 182; *Smith v. Bythewood,* Rice's Law 245, 24 S. C. L., 245; 33 Am. Dec., 111. The same rule has been applied to due bills. *Guignard v. Parr,* 4 Rich. Law 184, 38 S. C. L., 184. And see Daniel on Negotiable Instruments, 6th Ed., Volume 2, Sections 1211, 1215; Annotation, 136 Am. St. Rep., 469; 34 Am. Jur., Section 147, Page 118; 10 C. J. S., Bills and Notes, 247, page 743.

The action on this note was commenced in the Probate Court by filing a claim on September 26, 1941—seventeen years after the date of the execution of the note. So that.it is clear that if the law still prevails in this State, in accordance with the precedent long established by the foregoing cases, the claim is barred by the statute of limitations. and the judgment of the Circuit Court should be affirmed.

We are referred, however, by counsel for the plaintiff, to the case of *Nash v. Woodward,* 1895, 62 S. C., 418, 40 S. E., 895, 897, as authority to the effect that a right of action on a promissory note payable on demand does not accrue as of the date of the execution of the note, but only after demand for payment has been made, and hence that the action in this case is not barred by statute.

The note sued on in the *Nash case* is as follows:

> "Bishopville, S. C.,
> "Nov. 27, '92.

"On demand I promise to pay Mrs. Nancy Woodward Three Hundred and Fifty ($350.00) Dollars without interest.

> "J. F. Woodward."

The Court, without more, simply said: "The right of action on this note did not accrue until there was a demand, which it seems, was not made during Mrs. Woodward's

lifetime. It was therefore not barred by the statute of limitations."

The principle which appears to have been announced in *Nash v. Woodward*, is in direct antagonism to the law of this State as firmly settled by a current of soundly reasoned decisions, commencing as far back as *Cammer v. Harrison, supra*, in 1822, which was later re-affirmed in the subsequent cases herein cited—all holding that the cause of action accrues on the date of the making of a note payable on demand, and consequently the statute runs as from that date. This principle is recognized as being correct by the great weight of authority in other jurisdictions. See Annotation, 44 A. L. R., 397.

The *Nash case* does not purport to question the law as it formerly prevailed, nor does it cite the earlier cases; engage in any reasoning, or refer to any other authority. It has not since been cited or referred to as an authoritative precedent, and was evidently an inadvertence on the part of the Court and of the able and learned Judge who wrote the opinion. We will not lengthen this opinion by attempting an analysis of the *Nash-Woodward case*, but from an examination of the facts and issues made by the pleadings involved in that case, it is extremely doubtful that the point which was passed upon was actually necessary to a determination of the case.

Where conflicting decisions appear to have been made by inadvertence or otherwise, and the position of the Court is thereby rendered uncertain, the rule of *stare decisis* does not necessarily apply. In such event, it has been held that it is the duty of the Court to follow the decision which it conceives is based upon the sounder reasoning, *Daughty v. Northwestern R. Co.*, 92 S. C., 361, 75 S. E., 553; although, generally, the last expression of the Court is controlling as against prior opinions. *Bruner v. Automobile Insurance Company of Hartford, Conn.*, 165 S. C., 421, 164 S. E., 134.

A decision which is to overrule all former precedents and to establish a principle never before recognized should either contain some internal evidence that the prevailing law is to be overthrown, or else be founded upon reasoning far stronger than that comprehended in the previous decisions which by implication it would set aside. As pointed out, the opinion in *Nash v. Woodward* does not purport to question the law as laid down by the earlier cases; nor is the holding supported by any discussion or reasoning at all. Evidently the early decisions referred to escaped the attention of the Court. Certainly none of them are cited in the briefs of counsel appended to the report of the case.

It is our considered opinion that insofar as the case of *Nash v. Woodward, supra,* conflicts was the principle announced in *Cammer v. Harrison, supra, Wilks v. Robinson, supra,* and *Smith v. Bythewood, supra,* it should be overruled, and it is so ordered.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, concur.