TILLMAN PEARSON, Judge.
The defendant, I. Michael, appeals a summary final judgment for the plaintiff, appellee, Nathan Schekter, an in action upon a promissory note. Upon a consideration of the pleadings, and depositions on file, we hold that there are genuine issues of material fact and we reverse.
The maker of the note upon which this action is brought was I. Michael and the payee Charles Donner. Donner subsequently assigned, for valuable consideration received, the note to Nathan Schekter. The note had no due date. In two places where a due date would normally be inserted, there is no writing. The note is otherwise regular on its face, having been typewritten upon a printed form which is frequently used in this jurisdiction.
The plaintiff-appellee in his complaint alleged that the note sued upon was payable on demand. The defendant denied that the note was payable on demand and further contended that, pursuant to a collateral oral agreement between the maker-Michael and the payee-Donner, the note was not to mature until some indefinite time in the future upon the payment of certain debts by various business ventures of which Michael and Donner were stockholders and partners. There is no doubt that such a note is, without the consideration of other factors, payable on demand. See § 674.09 Fla.Stat., F.S.A., which is a part of the negotiable instruments law of Florida:
“674.09 When payable on demand. —An instrument is payable on demand:
(1) Where it is expressed to be payable on demand, or at sight, or on presentation; or
(2) In which no time for payment is expressed.
Where an instrument is issued, accepted or indorsed when overdue, it is, as regards the person so issuing, accepting or indorsing it, payable on demand.”
Compare Coleman v. Page’s Estate, 1943, 202 S.C. 486, 25 S.E.2d 559.
The appellant tendered defenses which in substance allege that the plaintiff is not a holder in due course and that, therefore, personal defenses between the appellant-maker and the original payee are available to the appellant against the plaintiff-appel-lee. See § 674.60 Fla.Stat., F.S.A., George E. Sebring Co. v. Skinner, 100 Fla. 315, 129 So. 759. The defendant in contending that the plaintiff was not a holder in due course alleged that the transfer of the note by the payee-Donner to the plaintiff was not in good faith. The transaction, it is alleged, was devised and conceived by Donner with the plaintiff as part of a scheme and device to cut off or attempt to cut off and deny to the defendant certain defenses he may have had against the original payee-Donner. See § 674.54(3),[1] Fla.Stat, F.S.A.
The trial court found that the defenses tendered were irrelevant. The effect of his finding is a holding that as between a maker and a payee, a note which has a blank due date becomes by operation of law a demand note and any defense which would vary such a result is barred by the parole evidence rule. We think that this conclusion is not sustainable because the written portion of the note would not be varied by the defense sought to be interposed. The construction urged by appellee would in our opinion constitute a departure from the established law that an agreement, valid between the parties, may be shown in an action between the parties upon a negotiable instrument. Compare Horner v. Horner, 145 Pa. 258, 23 A. 441. See Smith v. Lager *583 strom, 34 Cal.2d 858, 215 P.2d 450 (1950); 11 Am.Jur.2d, Bills and Notes §§ 87, 88 (1963) and cases cited therein.[2] See also 5 U.L.A. § 58 n. 8 (1943) and cases cited therein.
It is important that we should point out that this holding in no way intimates that a holder in due course would be subject to the defenses here attempted.
Having reached the conclusion that there are genuine issues of material fact as to whether appellee is a holder in due course, we reverse the summary final judgment and remand the cause for further proceedings.
Reversed and remanded.

. We note that § 674.54(1) Fla.Stat., F.S.A. requires that for one to be a holder in due course the instrument must be complete and regular on its face. As has been previously mentioned, the note under consideration was written upon a printed form and contained two separate spaces for the due date which were left blank. Since the defendant did not raise such an issue in Ms answer, we do not consider it here.

. Contra Kent v. Lampman, 59 Cal.App.2d 407, 139 P.2d 57 (1943).