184 So.2d 641 (1966)
Nathan SCHEKTER, Petitioner,
v.
I. MICHAEL, a/k/a Mickey Michael, Respondent.
No. 34584.
Supreme Court of Florida.
March 9, 1966.
Rehearing Denied April 20, 1966.
Klein, Moore & Kline and Morton P. Brown, Miami Beach, for petitioner.
Ely R. Katz and Michael H. Salmon, Miami Beach, for respondent.
DREW, Justice.
This petition for certiorari, based on a question certified to us by the District Court of Appeal, Third District, is directed to a decision of that court dated June 15, 1965 and reported as Michael v. Schekter in 176 So.2d 581.
The respondent executed a note for $8000.00 payable to Charles Donner but with the due date left blank. Thereafter the note was assigned to petitioner who made demand for payment. This was refused and petitioner brought suit. Respondent interposed defenses based on an alleged parol agreement by which the note was not to mature until some indefinite time in the future determined by certain other ventures of the maker and payee. The petitioner moved for summary judgment which was granted. The respondent appealed to the District Court of Appeal which reversed the trial judge and certified the case to us as passing upon a question of great public interest.
The question posed is:
"Whether a promissory note which is blank as to due date becomes, by application of Sec. 674.09(2), F.S., a demand note thereby barring the admission into evidence of a contemporaneous parol agreement which would vary the demand character of the instrument?"
The law is a part of every contract made in this State. Therefore, when *642 this note was executed and delivered (April 19, 1960) the provisions of Section 674.09, Florida Statutes 1959, F.S.A., became as much a part of the note as if it had been written on the face of it. This was tantamount to stamping across the face of the note "No time for payment appearing hereon, this note is payable on demand."
It is said that this is a case of first impression in Florida. In view of the plain, unambiguous language of the statute, this is understandable. The New Hampshire Supreme Court in Merrimack River Savings Bank v. Higgins, 89 N.H. 154, 195 A. 369 (1937), in construing this identical section taken from N.I.L., correctly disposed of the question in this terse observation:
"The statute states no exceptions or qualifications to the demandable character of such an instrument, and no policy is perceived by which any are implied by it. The law is intended to be a fully developed codification, of static fixation. It seeks definiteness and completeness, avoiding uncertainty and elasticity." (Emphasis supplied.)
If a person executes and delivers a promissory note in which no time for payment is expressed, he is charged with knowledge it is payable on demand.
The decision of the District Court is quashed and the cause is remanded to that court for entry of a judgment affirming the summary judgment of the trial court.
THORNAL, C.J., and THOMAS, O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting).
The District Court of Appeal answered the question it later certified to us as follows:
"The trial court found that the defenses tendered were irrelevant. The effect of his finding is a holding that as between a maker and a payee, a note which has a blank due date becomes by operation of law a demand note and any defense which would vary such a result is barred by the parole evidence rule. We think that this conclusion is not sustainable because the written portion of the note would not be varied by the defense sought to be interposed. The construction urged by appellee would in our opinion constitute a departure from the established law that an agreement, valid between the parties, may be shown in an action between the parties upon a negotiable instrument. Compare Horner v. Horner, 145 Pa. 258, 23 A. 441. See Smith v. Lagerstrom, 34 Cal.2d 858, 215 P.2d 450 (1950); 11 Am.Jur.2d, Bills and Notes §§ 87, 88 (1963) and cases cited therein. See also 5 U.L.A. § 58 n. 8 (1943) and cases cited therein.
"It is important that we should point out that this holding in no way intimates that a holder in due course would be subject to the defenses here attempted.
"Having reached the conclusion that there are genuine issues of material fact as to whether appellee is a holder in due course, we reverse the summary final judgment and remand the cause for further proceedings.
"Reversed and remanded."
See Michael v. Schekter, 176 So.2d 581 (Fla.App. 1965).
The note was incomplete in that it was not filled in as to the date of payment in two places in the instrument. The beginning of the body of the note reads "_________ after date for value received, I promise to pay * * *." In the bottom left corner of the note the legend "Due ____________, 19__." was left blank.
The primary defense the maker-respondent pleaded is that the note is not yet due because the time fixed for payment by an oral agreement between the maker and payee made contemporaneously with the *643 execution and delivery of the note has not arrived.
Petitioner urges that § 674.09(2), F.S., reading in part as follows:
"674.09 When payable on demand.  An instrument is payable on demand:
* * * * * *
"(2) In which no time for payment is expressed.",
completely controls when payment of the instant note is due; that this statute supplies the answer as to when the note is due, renders it payable on demand, and precludes variance of it by parole evidence to establish another due date in lieu of demand.
If the note had been complete on its face and had been made expressly payable on demand or if though complete on its face no time of payment was expressed, the statute would have applied and the parol evidence rule would preclude the admission of evidence that the parties to the note had agreed upon a later due date than on demand. But where an instrument is incomplete, as it obviously is in this case because blank spaces in it were not filled in, the negotiable instruments law permits the person in possession of it to complete it "* * * by filling up the blanks therein * * *." (F.S. § 674.16, F.S.A.) Such person should, of course, fill in such blank spaces in accordance with the original agreement respecting the obligation entered into between the parties. In this case the holder who was assigned the note by the payee had a duty under § 674.16 to fill in such blanks in accordance with the original agreement of the parties since, as the holder of an incomplete note he was not a holder in due course. See F.S. § 674.54(1), F.S.A. Failing to so fill in such blank spaces, parol evidence can be resorted to in ensuing litigation in order that the agreement of the parties respecting the true due date of the instrument may be shown.
F.S. Sections 674.09 and 674.16, F.S.A., should be read together and both given effect. The former refers to notes which are complete. The latter relates to incomplete notes which have blank spaces of a material nature to be filled in. The latter negatives the idea that a note with blank due date spaces in it is necessarily a demand note.
It is stated in 12 Am.Jur.2d, Bills and Notes, § 1284, p. 319:
"* * * But if the contract contained in a bill or note or negotiable instrument is uncertain, ambiguous or incomplete the rule that the instrument cannot be varied or contradicted by parol evidence respecting an oral agreement yields, and the whole agreement under which it was executed may be proved. * * *" (Emphasis supplied.)
I conclude that the instrument considered here was incomplete and that the statute (F.S. § 674.09, F.S.A.) did not preclude admission of parol evidence to show the true due date of the instrument under the particular circumstances of this case.