STONE, Judge.
We reverse a final order that rejected appellant’s claim to foreclose a defaulted note and mortgage and granted appellee’s counterclaim for damages. The trial court erred in concluding that the note was invalid.
The appellant acquired the note and mortgage by inheritance from Mitchell Braun (Braun). Braun had sold a house to Ivey and accepted the note and mortgage as the difference between the balance of the assumed first mortgage and the purchase price. It is undisputed that the buyer and seller agreed that the loan would be at ten percent (10%) interest. However, Ivey could not afford to make payments of more than two hundred dollars per month on the combined first and second mortgages. As a result, Braun offered to fix the second mortgage payment at seventy one dollars per month, the difference between the first mortgage payment and two hundred dollars, thereby enabling Ivey to purchase the property.
In advance of the closing, Braun advised Ivey to consult an attorney before she signed the documents. He did not refer her to a specific attorney. However, he had previously recommended an attorney for a divorce that she was going to obtain prior to the closing. She decided to retain that same attorney in this transaction.
At closing the following note, ambiguously worded, was executed:
*1176 INSTALLMENT NOTE
[[Image here]]
$71. 00 payable on the 1st day of August, 1975, and $71. 00 payable on the 1st day of each and every month thereafter until the full amount of principal and interest have been paid.
The note does not contain a maturity date and obviously the payment, at ten percent (10%), left no room for normal amortization. The appellant, upon default claimed not only the original principal, but additional principal as well through a negative amortization.
The appellee contends that the note was illegal and illusory, as its terms implied that the payments included principal reduction. The trial court held that the absence of a maturity date made the note invalid and that the seller took unfair advantage of the buyer. However, the absence of a maturity date generally does not make an executed note, per se, unenforceable. Cf. Schekter v. Michael, 184 So.2d 641 (Fla.1966). In fact, section 673.108, Florida Statutes, provides that instruments payable on demand include, “those in which no time for payment is stated.”
The appellee also asserts that the seller owed her a fiduciary duty and acted in bad faith by not pointing out that the payments included interest only. But Ivey does not contend that Braun ever indicated to her that the mortgage would contain a principal reduction component. Our review of the record discloses no evidence that the appellee, a high school graduate, was not equal to negotiating the purchase of a small house. There is no evidence of overreaching, or even that the seller was aware of any confusion or ambiguity. Nor do any terms appear to be hidden, or even unfair. The appellee made payments, by check, on the note from 1975 to 1986 and each year requested and received statements, for tax deduction purposes, of the amount of interest paid. There is no evidence that the parties had any previous dealings or any relationship other than as vendor and vendee on this one occasion. There is no evidence that Ivey relied upon Braun, or that Ivey considered the transaction as one other than at arms length. There was no allegation of collusion between Braun and Ivey’s attorney, despite evidence indicating that Ivey’s attorney had represented Braun on at least one previous occasion.
Here there has been a substantial default, and obviously it is too late to consider rescission and restitution. We need not resolve at this time whether this note was actually a demand instrument, nor resolve the extent to which it would be incumbent upon a court to protect the mortgagor from a precipitous demand such as, by imposing a reasonable time for maturity.
Therefore, the final order is reversed and the cause remanded. Upon rehearing, in the absence of evidence of mutual intent, and in addition to other principles applicable to . ambiguous instruments, the trial court should consider a construction of the note that is reasonable, equitable, and fair to both parties. Cf. Morton v. Ansin, 129 So.2d 177 (Fla. 3d DCA 1961). See also Blackhawk Heating & Plumbing Co. v. *1177 Data Lease Financial Corp., 302 So.2d 404 (Fla.1974).
DOWNEY and POLEN, JJ., concur.