0496

Ralph G. RAMPEY, Respondent, v. D. Eloise RAMPEY, Appellant.
(332 S. E. (2d) 213)

Court of Appeals

*R. Daniel Day,* Walhalla, and *John W. Fields,* Seneca, *for appellant.*

*John T. Gentry,* Pickens, *for respondent.*

Heard March 18, 1985.

Decided June 11, 1985.

BELL, Judge:

This is an appeal from the equitable division of marital property incident to a divorce decree. The wife raises two issues on appeal: (1) whether the family court erroneously included certain real property in the marital estate; and (2) whether the family court abused its discretion in the distribution of the marital property. We affirm on the first issue and reverse and remand on the second.

The parties were married in 1950 and have three emancipated children. Mrs. Rampey's father, E. T. Head, died intestate in 1967. In order to settle the father's estate, his heirs at law executed a deed conveying the 57.69 acre Head family farm to Mr. and Mrs. Rampey jointly. In return, Mrs. Rampey released any interest she might have in her mother's estate at the mother's death.

Before they acquired the Head family farm, the Rampeys lived on a farm near Central, South Carolina, which they purchased with jointly earned money. They sold that farm for a net gain of $55,000 and used the entire proceeds to begin constructing a marital residence on the Head family farm. They used their joint income to complete construction of the marital residence.

In addition to the marital residence, the Head family farm contains seven rental properties which produce an income of almost $800 a month. Both Rampeys testified they helped Mr. Head build these rental houses. Both also contributed to their repair and maintenance. With the exception of the areas devoted to the marital residence and the rental houses, the majority of the Head family farm remains in pastureland. The parties also jointly own a lot and mobile home at Lake Hartwell.

## I.

Mrs. Rampey first argues that the Head family farm is not marital property because she inherited it from her father.

In *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984), we stated that if inherited property is titled jointly or otherwise used in such a manner as to evidence an intent to make it marital property, its nonmarital character is lost and it will be subject to equitable division. The same rule applies if inherited property is used in support of the marriage. *Id.; Cooksey v. Cooksey*, 280 S. Ct. 347, 312 S. E. (2d) 581 (Ct. App. 1984).

In this case, the Head family farm was titled jointly in the names of Mr. and Mrs. Rampey when it was transferred from the father's estate. It was used as the marital residence of the parties. The house was built with their joint funds. Both contributed to the building and maintenance of the rental units on the property. These facts evidence the intent of Mr. and Mrs. Rampey to make the Head family farm marital property. Therefore, the family court correctly treated it as part of the marital estate for purposes of equitable distribution.

## II.

Mrs. Rampey also maintains that even if the Head family farm is marital property, the family court judge abused his discretion in the division of the marital estate. Her argument is twofold. First, she contends the judge's finding that the marital property should be equally divided fails to consider her greater contribution to its acquisition. Secondly, she asserts that the actual division decreed by the judge was not an equal division and bears no relationship to the evi-

dence of value presented at trial. We address each point in turn.

### A.

As far as the record discloses, the contributions of Mr. and Mrs. Rampey to the acquisition of the marital property were relatively equal. Although the Head family farm was acquired from Mrs. Rampey's family, she testified that before his death Mr. Head directed Mrs. Head "to give Ralph and I the [farm] property." Title was transferred to both Mr. and Mrs. Rampey in their joint names. The remaining marital property was admittedly acquired with joint funds of the marriage.

The family court judge also found Mrs. Rampey abandoned the marital home without cause and was directly responsible for the break up of the marriage. She does not take exception to that finding. Although fault does not justify a severe penalty in making a division of marital property, it is a factor the court may consider in determining the equities between spouses. *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980). The family court judge had the discretion to give fault some weight in this case.

Apportionment of the marital estate is a matter left to the sound discretion of the family court. *Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (Ct. App. 1984). On the facts of this case, we find the family court judge acted well within his discretion in ordering an equal division of the marital property.

### B.

At trial, an appraisal report was admitted into evidence to prove the value of the marital estate. It established the following values:

| | |
|---|---:|
| Marital residence and 1 acre lot | $ 94,500 |
| Rental houses with ½ acre each | 80,500 |
| 52.77 acres fenced pasture and woods | 105,540 |
| Lake lot and mobile home | 14,000 |
| TOTAL | $294,540 |

For purposes of appeal, both parties accept these values as accurate and the record discloses no other evidence of value. Thus, an equal division would have given each party property worth $147,270.

The actual division made by the family court was as follows:

Mr. Rampey
Marital residence and 1 acre lot .......... $ 94,500
Old frame house and ½ acre ............. 1,500
47.73 acres of pasture ................... 95,460

TOTAL ......................... $191,460

Mrs. Rampey
Rental houses with 3 acres .............. $ 79,000
8.46 acres next to rental houses .......... 16,920
Lake lot and mobile home ............... 14,000

TOTAL ......................... $109,920

It is apparent from these figures that the division effected by the family court judge was not an equal division. Since the judge's finding that the above division constituted a one half division of the marital estate is wholly unsupported by the evidence, it constituted an abuse of discretion. *See Bridges v. Wyandotte Worsted Co.*, 239 S. C. 37, 121 S. E. (2d) 300 (1961) (abuse of discretion occurs when factual conclusions of lower court are without reasonable evidentiary support). Accordingly, we reverse his division of the property and remand to the family court with directions to divide the property equally between Mr. and Mrs. Rampey.

Affirmed in part; reversed in part and remanded.

SANDERS, C. J., and SHAW, J., concur.