### 1755

Pamela Anne CONKLIN, Respondent v. Lawrence Leslie CONKLIN, Appellant.

(417 S.E. (2d) 94)

Court of Appeals

*Julius B. Aiken* and *William J. Barnes*, Greenville, *for appellant.*

*Vance B. Drawdy*, of *Horton, Drawdy, Ward & Johnson*, Greenville, *for respondent.*

Heard Dec. 2, 1991; Decided Jan. 13, 1992.

Reh. Den. June 3, 1992.

GARDNER, Judge:

Pamela Anne Conklin (the wife) instituted this action for divorce (later changed to separate maintenance and equitable division of the marital estate) against Lawrence Leslie Conklin (the husband). The trial judge, by the appealed order, awarded the wife $100 per week alimony and 10 percent of the marital home, which was titled jointly. We affirm as modified.

We affirm the award of alimony but modify the appealed order by reducing the amount of alimony awarded the wife to $200 per month. The wife's finan-

cial declaration shows expenses in excess of her monthly income of $370. The wife's financial declaration, however, includes a charge card payment of $118 per month. The appealed order required the husband to reduce this debt by two-thirds on the basis that at least that much debt was for marital purposes. Accordingly, the wife's claim for credit card expense should be reduced $78.67 per month. Additionally, the wife's financial declaration lists $198 for child care for her child by a previous marriage. We reject the wife's contention that the husband is liable for this because it is necessary for her to work; the wife cites no authority for this proposition, and we find none. Lastly, all expenses listed by the wife are incurred for the benefit of both herself and her child by a previous marriage.

The factors for consideration of alimony at the time the appealed order was filed were set forth in the case of *Lide v. Lide*, 277 S.C. 155, 283 S.E. (2d) 832 (1981). We have carefully considered the entire record in light of the factors for consideration in the award of alimony as set forth in *Lide*. And having done so, we hold that the appealed order should be modified with respect to the amount of alimony awarded the wife. Accordingly, we modify the appealed order by reducing the alimony award to the wife to $200 per month.

We reject the husband's contention that the trial judge erred by not identifying the marital home and evaluating it. A trial judge's equitable distribution award will not be disturbed absent an abuse of discretion. *Rampey v. Rampey*, 286 S.C. 153, 332 S.E. (2d) 213 (1985). The deed to the marital home is of record. It was executed on February 22, 1989 and the consideration was $72,500. On the same day, the parties executed a mortgage in the amount of $68,800; the balance of the mortgage on the date of the hearing was $68,625.28. The record reflects that the mortgagee was holding $443.96 in escrow for insurance and taxes. Both parties filed financial statements with property addenda. The wife estimated the value of the marital home to be $82,000; the husband estimated the value of the marital home to be $75,000. The wife signed a contract with a realty agent to sell the house for $82,000; this listing contract provided for a 6 percent real estate fee. With respect to the marital home, the appealed order provided:

As to the Artillery Road residence, the Court finds and concludes that the Plaintiff should be, and hereby is, awarded a ten percent (10%) interest in same. Defendant has signed a listing agreement with a realtor, but the Plaintiff has not signed such agreement. The parties stipulated that it would be better to have the property sold at private sale, without the use of a realtor. However, Plaintiff submitted as her first choice that Defendant be required to purchase her interest. The parties shall have thirty (30) days from the date of this Order in which to arrive at a mutually satisfactory agreement for the sale of the property and/or for Defendant to purchase the Plaintiff's interest. Failing such agreement, either party may petition this Court for further relief in connection with disposition of the family residence. In the meanwhile, Defendant shall continue to have possession of and make the mortgage payments for same (and any other payments relating thereto.)

We are convinced that the trial judge intended to award the wife a 10 percent interest in the parties' equity in the marital home. In order to clarify the matter, we modify the appealed order so that the wife is awarded a 10 percent interest in the parties' equity in the marital home at the time of institution of this action.

We are also convinced that the trial judge intended to provide that if the parties did not within thirty days agree about how to sell the marital home and/or agree as to a specific value for the home, that either party could petition the court to evaluate the residence and require the husband to pay the wife 10 percent of the parties' equity in the home as evaluated by the trial judge.[1] Of course testimony relating to the market value of the marital home at the time of the institution of this action would have to be taken in order to effectuate the order and it is our belief that the trial judge had this in mind. Accordingly, the quoted language is modified to conform with this decision. With this modification for clarification, we reject the husband's contention that the trial judge failed to evaluate the marital residence.

---

[1] The sale of the home to a third party would of course establish its value.

We find no merit to the remaining issues presented by the husband.

For the reasons given, the appealed order is affirmed as modified.

Affirmed as modified.

SANDERS, C.J., and GOOLSBY, J., concur.