**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Neva G. Dewall, South Carolina Department of Social
Services, Respondents,

v.

Phillip Hicks, Appellant.

Appellate Case No. 2012-206547

Appeal From Charleston County
Judy L. McMahon, Family Court Judge

Unpublished Opinion No. 2012-UP-596
Submitted October 1, 2012 – Filed October 31, 2012

**AFFIRMED**

Phillip Hicks, of Charleston, pro se.

Paul Fredrick LeBarron, of South Carolina Department
of Social Services, of Charleston, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities:

1. As to whether the family court erred in holding Hicks in contempt: *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) ("A finding of contempt rests within the sound discretion of the [family court]."); *Abate v. Abate*, 377 S.C. 548, 552, 660 S.E.2d 515, 518 (Ct. App. 2008) ("An appellate court should reverse a decision regarding contempt only if it is without evidentiary support or the [family court] has abused [its] discretion."); *Woodside v. Woodside*, 290 S.C. 366, 379, 350 S.E.2d. 407, 415 (Ct. App. 1986) (holding a person is in contempt when he or she willfully disobeys a court order); *Bartlett v. Rachels*, 375 S.C. 348, 352, 652 S.E.2d 432, 435 (Ct. App. 2007) ("For purposes of contempt, an act is willful if done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (internal quotations omitted)).

2. As to Hicks's remaining issues: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.