20931

Shirley D. POWERS, Respondent, v. John Keith POWERS, Appellant.

(254 S. E. (2d) 289)

*Moss, Carter, Branton & Bailey,* Beaufort, *for appellant.*

*Blatt & Fales,* Barnwell, *for respondent.*

April 10, 1979.

GREGORY, Justice:

Respondent Shirley D. Powers was granted a divorce from appellant John Keith Powers and was awarded alimony in the amount of three hundred ($300.00) dollars per month by order of the family court dated September 26, 1977. On appeal Mr. Powers contends the family court erred in refusing to recognize the validity of his prior Nevada divorce from Mrs. Powers and in awarding excessive alimony. We affirm.

Mr. and Mrs. Powers were married on June 26, 1955 and are citizens and residents of Beaufort County. On April

22, 1974, Mr. Powers deserted Mrs. Powers for another woman. On August 23, 1974, Mr. Powers traveled to Nevada for the express purpose of obtaining a divorce. He contacted an attorney in Nevada and on October 7, 1974 initiated an action for divorce. Mr. Powers returned to this State on October 8, 1974 but left again for Nevada on November 15, 1974. Mr. Powers obtained a default divorce in Nevada on November 18, 1974 and returned to South Carolina on November 19, 1974. Mr. Powers married his paramour on November 29, 1974.

Mrs. Powers initiated this action for divorce against Mr. Powers on June 20, 1975.

Mr. Powers asserted his prior Nevada divorce as a defense to Mrs. Powers' action, and appeals from the family court's finding that the Nevada divorce has no force or effect in this State. Mr. Powers does not contest the authority of the family court to determine whether the Nevada court had jurisdiction to enter a divorce decree, and he recogizes that his Nevada divorce would have no effect on his obligation to pay alimony to Mrs. Powers.

The effect in this State of a divorce obtained in another jurisdiction is controlled by Section 20-3-210 through Section 20-3-440, 1976 Code of Laws of South Carolina, the Uniform Divorce Recognition Act.

Section 20-3-420 provides that a divorce "obtained in another jurisdiction shall be of no force or effect in this State if both parties to the marriage were domiciled in this State at the time the proceeding for the divorce was commenced."

Section 20-3-430 provides: "Proof that a person obtaining a divorce from the bonds of matrimony in another jurisdiction was (a) domiciled in this State within twelve months prior to the commencement of the proceedings therefor and resumed residence in this State within eighteen months after the date of his departure therefrom or (b) at all times

after his departure from this State and until his return maintained a place of residence within this State shall be *prima facie* evidence that the person was domiciled in this State when the divorce proceeding was commenced."

The trial judge found that Mrs. Powers has been continuously domiciled in this State and that Mr. Powers was domiciled in this State within twelve months prior to the commencement of the Nevada divorce proceeding and resumed residence in this State within eighteen months after the date of his departure from this State.

The trial judge applied the presumption in Section 20-3-430 to these facts and found that the Nevada divorce decree was of no force or effect in this State since both Mr. and Mrs. Powers were *prima facie* domiciled in this State at the time the Nevada divorce proceedings were commenced.

Mr. Powers attempted to overcome this *prima facie* presumption by testifying that he left South Carolina intending never to return, that he procured a Nevada drivers license and nonresident hunting license, and that while in Nevada he looked for employment. He also testified to the contrary, however, and stated on at least two occasions that he traveled to Nevada for the express purpose of obtaining a divorce. Mr. Powers returned to this State after initiating the divorce action and again after securing the divorce decree. He was physically present in Nevada only when it was necessary to facilitate his divorce. We agree with the trial judge that on these facts Mr. Powers failed to overcome the statutory presumption of domicile in this State.

Mr. Powers next contends the family court erred in ■ ■ awarding excessive alimony. The factors to be considered in awarding alimony are the financial condition of the husband and the needs of the wife, the health and age of the parties, their earning capacities, the amount the wife has contributed to their wealth, the standard of living the wife was accustomed to at the time of the divorce, and the conduct of the parties. In short, all the circumstances

of the case must be considered. The amount awarded as alimony is left largely to the discretion of the trial judge. *Bailey v. Bailey,* 269 S. C. 1, 235 S. E. (2d) 801 (1977); *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977).

At the time of these proceedings Mr. Powers was forty one (41) years old and Mrs. Powers was forty two (42) years old. Mr. Powers is employed in a managerial position with an oyster cannery. In 1975 he reported an income of sixteen thousand three hundred twenty six and 05/100 ($16,326.05) dollars.

Mrs. Powers has not been employed since her marriage to Mr. Powers and has no marketable skills. She suffers from severe high blood pressure and diabetes. She receives an annual income from a trust in the amount of six thousand ($6,000.00) dollars per year. Mrs. Powers has a life interest in several rental houses which produce only a negligible amount of income. She lives with her aunt in a home supplied by the aunt.

Neither party has any extraordinary living expenses.

The breakup of the marriage was caused by Mr. Powers' infatuation with another woman and his subsequent desertion of Mrs. Powers. There is no evidence of any misconduct by Mrs. Powers.

Alimony is a substitute for the support which is normally incident to the marital relation. *Nienow v. Nienow, supra.* The family court considered all the equities of the case in making the alimony award, and we cannot say as a matter of law that he abused his discretion in requiring Mr. Powers to pay three hundred ($300.00) dollars per month to Mrs. Powers as alimony.

Accordingly, the order of the family court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.