21588

Vivian F. LIDE, Appellant, v. Vinton D. LIDE, Respondent.
(283 S. E. (2d) 832)

*Jan L. Warner*, Sumter, *for appellant.*

*Paul A. Sansbury*, Darlington, *for respondent.*

October 26, 1981.

*Per Curiam:*

Appellant brought this action for divorce in Richland County. She sought custody of the parties' two minor children, child support, alimony and related relief. On respondent's motion, venue was changed from Richland County to Darlington County, where the parties were living at the time they separated. No appeal was taken from that order. Thereafter, respondent served an amended return denying the material allegations of the petition and seeking a divorce based on one year's separation.

In the decree dated May 11, 1979, the trial judge granted respondent's request for divorce on the ground of one year's

separation. He awarded custody of the couple's two children: a twelve-year old girl, and a seventeen-year old boy to appellant. The order denied appellant alimony. It awarded a total of $600.00 per month in child support, and ordered respondent to continue medical insurance coverage for the children. It further ordered respondent to convey fee simple title to the marital residence to appellant, along with the household furnishings and a 1975 automobile. Additionally, respondent was ordered to deed appellant a lot in the Northwest Prestwood Sub-division; he was also ordered to pay one thousand dollars ($1,000.00) suit money. This appeal followed. We affirm in part, reverse in part and remand.

First, appellant appeals the denial of alimony.

An alimony award rests in the sound discretion of the trial judge. Alimony is a substitute for support which is normally incident to the marital relationship and all facts and circumstances disclosed by the record should be considered. No one factor should be considered dispositive.

Among the factors to be considered in determining whether alimony should be awarded are (1) the financial condition of the husband and the needs of the wife, (2) the age and the health of the parties, their respective earning capacity, their individual wealth, (3) the wife's contribution to the accumulation of their joint wealth, (4) the conduct of the parties, (5) the respective necessities of the parties, (6) the standard of living of the wife at the time of the divorce, (7) the duration of the marriage, (8) the ability of the husband to pay alimony, and (9) the actual income of the parties. *Powers v. Powers*, 273 S. C. 51, 254 S. E. (2d) 289, 291 (1979); *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977).

The husband's financial statement of October 10, 1978, shows his age to be forty-one (41) and his wife's age to be forty (40) at that time. Both parties are in good health.

Respondent left appellant after eighteen years of marriage. During the husband's last year in law school and his first years of practicing law in Hartsville, appellant worked full-time as

a teacher to support the family. Since then, she has worked intermittently as a part-time teacher to provide the family with additional funds.

Appellant presently works three days a week as an art teacher. However, her earning capacity as a teacher is considerably less than that of her husband, who was engaged in the private practice of law for more than a decade, served as a prosecutor for the South Carolina Attorney General, and as administrative assistant to a former Governor of South Carolina. At the time of this appeal, respondent was General Counsel for the S. C. Department of Social Services.

Most of appellant's income comes from the $600.00 per month payments respondent provides for the support of the two children. Respondent's gross monthly income is nearly twice that of appellant's.

The husband has real estate, savings, stocks and bonds and other investments valued at One Hundred Forty Four Thousand, Four Hundred Ninety Three ($144,493.00) Dollars, while the wife's investments are valued at approximately Fifty Two Thousand ($52,000.00) Dollars.

Finally, the standard of living of the couple at the time of the divorce included an active social life with memberships in two country clubs and one dancing club.

Considering all of these factors, we conclude the trial judge abused his discretion in denying alimony to the wife, and remand for a hearing on the amount to be awarded.

The wife next contends she was not awarded appropriate attorney's fees. We reverse the award of One Thousand ($1,000.00) Dollars as premature in view of the agreement by the parties and the trial judge to reverse testimony concerning attorney's fees and suit money until a later time. Before making such award, counsel was entitled to be heard and we remand on the issue of attorney's fees for that purpose.

Appellant also contests the ground on which the divorce was granted, the failure of the court on its own motion to

change venue, the adequacy of child support, refusal of the court to equitably divide all assets acquired during the marriage, and the failure of the decree to set forth the findings of fact upon which it is based. We find these remaining issues to be without merit and dismiss them under Rule 23 of the Rules of Practice of this Court.

Accordingly, we affirm in part, reverse in part and remand for a hearing on the amount of alimony and attorney's fees to be awarded.

Affirmed in part; reversed in part; and remanded.

HARWELL, J., dissents and concurs.

LEWIS, C. J., not participating.

HARWELL, Justice (dissenting and concurring):

Upon review of the entire record, I am satisfied that the trial judge did not abuse his discretion in denying alimony to appellant, and therefore, I respectfully dissent and would affirm the lower court as to that issue. As to all issues, I concur with the majority.