21711

Jennifer S. DELANEY, Appellant, v. Gary A. DELANEY, Respondent.
(293 S. E. (2d) 304)

■

■

*Thomas B. Bryant, III, of Bryant, Fanning & Yarborough,* Orangeburg, *for appellant.*

*Karen J. Williams, of Williams & Williams,* Orangeburg, *for respondent.*

May 26, 1982.

GREGORY, Justice:

This is an action for a legal separation. The parties have since divorced. Appellant Jennifer S. Delaney appeals from that portion of the order of the lower court dated November 2, 1979, awarding her payment of One Thousand One Hundred ($1,100.00) Dollars per month for the support of appellant and her three minor children. Two issues are presented on appeal: (1) whether the lower court erred in awarding a non-allocated award of support, and (2) whether the award of alimony and support is inadequate. We affirm in part, reverse in part, and remand.

First, appellant argues the lower court erred in ordering a consolidated award of support for appellant and her three minor children. We disagree.

S. C. Code Ann. § 20-3-150 (Cum. Supp. 1981) provides:

"In the event the court shall award the custody of the children to the spouse receiving alimony the court shall, by its decree, *unless good cause to the contrary be shown,* allocate any award for permanent alimony and support between the supported spouse and the children. . . ." (Emphasis added.)

The question arises whether there is good cause to support a non-allocated award. The lower court found non-allocation of child support and alimony would be advantageous to both

parties in that respondent could pay more support because the tax liability for that support would fall on appellant. Respondent has substantial income, appellant has little or no income. Under these circumstances we believe shifting tax liability from the supporting spouse to the supported spouse which permits the supported spouse to net tangibly more child support and alimony because of the decrease in the supporting spouse's tax burden is good cause for non-allocation of child support and alimony. *See* Annots., 2 A. L. R. (3rd) 537 (1965) and 2 A. L. R.(3rd) 596 (1965). Accordingly, we affirm the lower court's order insofar as it orders payment of non-allocated support for appellant and her three minor children.

Secondly, appellant argues the lower court's award of One Thousand One Hundred ($1,100.00) Dollars per month is inadequate and constitutes an abuse of discretion on the part of the trial judge. We agree, especially where the effect of the award of non-allocated alimony and support is considered with the other relevant criteria.

An award of alimony rests in the sound discretion of the trial judge. Factors to be considered in determining the adequacy of an award of alimony include (1) the financial condition of the husband and the needs of the wife; (2) the health and age of the parties, their respective earning capacities, their individual wealth; (3) the wife's contribution to the accumulation of their joint wealth; (4) the conduct of the parties; (5) the respective necessities of the parties; (6) the standard of living of the wife at the time of the divorce; (7) the duration of the marriage; (8) the ability of the husband to pay alimony; and (9) the actual income of the parties. *Lide v. Lide*, S. C., 283 S. E. (2d) 832 (1981); *Powers v. Powers*, 273 S. C. 51, 254 S. E. (2d) 289 (1979); *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977).

The parties were married for seven years prior to the hearing October 24, 1979. Three children, ages five, three, and one and one-half years at the time of the hearing, were born of this marriage. Custody of the minor children was granted to appellant.

Both of the parties were thirty years old and in good health at the time of the hearing. Neither has any individual wealth.

Respondent is an anesthesiologist in private practice. During the first six months of 1979, respondent earned Forty-Three Thousand One Hundred Seventeen and 76/100 ($43,117.76) Dollars.

Respondent incorporated on July 1, 1979, and placed himself on a salary of Sixty-Two Thousand Four Hundred and no/100 ($62,400.00) Dollars per year. Appellant is a teacher but is not certified to teach in South Carolina. Her earning capacity is considerably less than respondent's.

Of the seven years of marriage, appellant supported the family for three and one-half years while the husband completed medical school and began his residency. She has not worked for the last three and one-half years of the marriage and at present has no income.

After respondent entered private practice in July 1978, the parties enjoyed a high standard of living, spending Four Thousand ($4,000.00) to Six Thousand ($6,000.00) Dollars per month. They were living beyond their means, and had to borrow money to maintain this standard of living. Hence, it cannot be expected that appellant and her three minor children be allowed to continue living as extravagantly as before the separation. However, in considering all of these factors, we conclude the non-allocated amount of alimony and support awarded appellant is so inadequate that the trial judge abused his discretion in awarding appellant One Thousand One Hundred ($1,100.00) Dollars per month for the support of appellant and her minor children.

Accordingly, we affirm in part, reverse in part, and remand for a hearing on the amount of support to be awarded.

Affirmed in part; reversed in part; and remanded.

NESS and HARWELL, JJ., concur.

LEWIS, C. J., and LITTLEJOHN, J., concur and dissent.

LITTLEJOHN, Justice (concurring and dissenting):

I agree with the majority opinion which holds that the $1,100 per month award is inadequate and constitutes an abuse of discretion.

I respectfully dissent from that portion of the majority opinion which affirms "... the lower court's order insofar as it

orders payment of non-allocated support for appellant and her three minor children."

In my view, the statute contemplates that normally the award of alimony and child support be separated. In my view, "good cause to the contrary" has not been shown. The finding of the trial judge in his order said:

> The non-allocation of child support and alimony would be advantageous to both parties in that the respondent would be able to pay more with non-allocation. I find that the respondent would receive more benefit in terms of tax advantages in making the payment on the home owned by the parties insofar as interest deduction, and repondent would receive greater tax advantages in claiming the minor children as dependents.

There is nothing in the record to warrant this result that would not be in all cases wherein a husband and father has an obligation to support his wife and children.

Here, we have a medical doctor whose wife helped to send him through graduate school and gave birth to his three children. He is abundantly able to support his wife and children and pay his share of supporting the government by way of taxes. No reason has been given as to why he deserves or needs a tax advantage. To give one a tax advantage merely increases the burden of all other taxpayers.

I agree with the argument of wife's counsel, who, in his brief, said: "The award of the non-allocable sum was done purely as an accommodation to the [husband]." In my view, good cause has not been shown.

I would hold that the lower court erred in decreeing non-allocation and would direct upon remand that allocation be ordered in the usual fashion.

LEWIS, C. J., concurs.