22141

Martha W. BEINOR, Appellant, v. Michael Joseph BEINOR, Respondent.
(318 S. E. (2d) 269)

Supreme Court

*O. W. Bannister,* of *Hill, Wyatt & Bannister,* Greenville, *for appellant.*

*John A. Hagins, Jr.,* of *Brown & Hagins,* Greenville, *for respondent.*

Heard May 24, 1984.

Decided July 17, 1984.

LITTLEJOHN, Chief Justice:

In this divorce action, the Plaintiff-Appellant (Wife) was granted a divorce from the Defendant-Respondent (Husband) on the ground of adultery. The Wife appeals.

She submits to this court two allegations of error as copied from her brief as follows:

> (1) The Family Court abused its discretion in awarding the wife and two children a total of $27,000.00 per year in unallocated alimony upon which to live where the husband earned one hundred eighteen thousand ($118,000.00) dollars per year as a medical doctor.
>
> (2) The Family Court erred in awarding the husband a house and three lots while awarding the wife a house and lot where the evidence shows the wife furnished most if not all of the down payment for both out of her trust funds.

Upon a review of the entire record, we conclude that the second question submitted above is without merit. A wide discretion is permitted the trial judge. We find no abuse.

Disposition of the first question requires a limited review of the facts. This couple was married in 1967. The Husband completed his medical school education using substantial financial assistance from the Wife. He has for many years now enjoyed an excellent income typical of medical doctors today.

Prior to the order of the court determining the amount of permanent alimony and child support, the Husband was paying $3,000 per month under a temporary order.

Before that time, he had been voluntarily paying $4,000 per month. The trial judge awarded her $2,250 per month unallocated support for the Wife and children. By making the award "unallocated", the amount is taxable to the Wife and nontaxable to the Husband. We hold that the judge abused his discretion and remand for the purpose of having the court determine a more adequate award. The amount should be sufficient to permit her and his children to live commensurate with the standard of living to which they have been accustomed and commensurate with the Husband's standard of living.

Upon remand, the court should determine anew whether unallocated alimony and child support is warranted.

Section 20-3-150 of the 1976 Code of Laws as amended provides in part as follows:

> In the event the court shall award the custody of the children to the spouse receiving alimony the court shall, by its decree, *unless good cause to the contrary be shown,* allocate any award for permanent alimony and support between the supported spouse and the children ... (emphasis added).

Although the trial judge found that good cause had been shown for making the payment "unallocated", it is difficult to find support for this determination in the record. The statute contemplates that normally the award of alimony and child support should be separated. It should be unallocated only upon a showing of good cause.

Here, we have a medical doctor whose wife helped to send him through graduate school and gave birth to his children. He is abundantly able to support his wife and children and pay his share of supporting the government by way of taxes. To give one a tax advantage increases the burden on others.

An award of unallocated alimony and child support should not be made purely as an accommodation to the Husband. We do not completely rule out the possibility that unallocated alimony and support may be appropriate on remand but are sufficiently concerned that we direct that the matter be redetermined in the light of new evidence on remand.

Affirmed in part; Reversed in part and remanded.

NESS and HARWELL, JJ., and JOHN P. GARDNER, SR., as Acting Associate Justice, concur.

GREGORY, J., concurs in result.

GREGORY, Justice (concurring in result):

I agree with the result reached by the majority but adhere to the view expressed in the majority opinion authored by this writer in *Delaney v. Delaney*, 278 S. C. 55, 293 S. E. (2d) 304 (1982), that "shifting tax liability from the supporting spouse to the supported spouse which permits the supported spouse to net tangibly more child support and alimony because of the decrease in the supporting spouse's tax burden is good cause for non-allocation of child support and alimony. (citations omitted)"

Tax avoidances take many forms, for example, municipal bonds, tax shelters, Clifford Trusts, and so forth. In my view, so long as the tax laws enacted by the Congress of the United States and the General Assembly of South Carolina authorize tax exemptions, deductions, and avoidances, and a taxpayer acts within the law, the Court should not concern itself with the tax burden placed on other taxpayers.