0538

Jennifer S. SMITH, Appellant-Respondent, v. Gary A. DeLANEY,
Respondent-Appellant.

(334 S. E. (2d) 821)

Court of Appeals

---

*Thomas B. Bryant, III,* of *Bryant, Fanning & Yarborough,* Orangeburg, *for appellant-respondent.*

*Karen J. Williams,* of *Williams & Williams,* Orangeburg, *for respondent-appellant.*

Heard May 21, 1985.

Decided Aug. 20, 1985.

CURETON, Judge:

This is an appeal from an order of child support. The father, an anesthesiologist with very substantial income, denies the mother's contention that the court-ordered support of $750 per month is inadequate to support the three minor children in her custody. We find it inadequate and remand for a determination of adequate support.

The record reveals the mother's efforts to secure adequate support for the three children, now ages twelve, nine and seven, have been stymied by five and a half years of litigation. The initial order of support, entered in November 1979, provided that the father pay the house note of $580 a month for the benefit of the mother and children and $1,100 per month in unallocated support for them. The mother appealed, contending the support order was inadequate. In May, 1982, the South Carolina Supreme Court found the amount ordered inadequate and remanded the case for a determination of adequate support. *Delaney v. Delaney,* 278 S. C. 55; 293 S. E. (2d) 304 (1982).

At the remand hearing, upon evidence the mother had remarried and was no longer entitled to alimony, the court modified its order to provide support of $750 per month for the three children. The court also ordered the father to spend at least $900 annually on the children's clothing and extracurricular activities, and to establish a trust fund at the rate of $150 a month for their extraordinary needs.

The evidence before the family court at that time revealed that the father was an anesthesiologist in private practice who earned net monthly income of $5,146.67. He had remarried. He listed monthly expenses of $6,857.11 and assets of $70,560.00. A reasonable conclusion from the evidence before us is that the father had additional income and assets which he was sheltering.

On the other hand, the mother was a homemaker who was expecting her fourth child. Although she worked to support the family while the father attended medical school, she had primarily been a homemaker since he graduated. She was unemployed and had assets of $25,575, derived for the most part from the division of the marital property. She testified that the children needed support of $1,740 per month from their father. The court ordered that the father pay only $750 of this amount.

We hold that the trial court erred as a matter of law in failing to follow the mandate of the Supreme Court to increase the support and in making certain findings of fact and conclusions of law not warranted by the evidence.

The Supreme Court held that the support ordered in November 1979 was inadequate. *Delaney*, 278 S. C. at 55, 293 S. E. (2d) at 304. That support consisted of $580 a month for housing and $1,100 a month for other expenses. Assuming the trial court decided that fifty percent of the $1,680 support ordered in 1979 was attributable to the mother's support, a decision which the evidence does not support, the three children would have shared support of $840 without any increase at all. It is apparent that instead of increasing the support, the trial court actually reduced it to $750 a month.

We are cognizant that the court ordered the father to contribute at least $900 a year for clothing and extracurricular activities for the children. This type of order, however, does little to provide for the ongoing needs

of the children. The father could choose to withhold the expenditure until the end of the year while the needs themselves cannot be held in abeyance. Moreover, the father could choose to spend it all on any extracurricular activity he saw fit, leaving the custodial parent to grapple with supplying the mundane need for shelter, food, clothing and transportation. For these reasons, we cannot consider the provision that the father contribute the $900 as present support.

It is equally clear that the order that the father pay $150 a month into a trust fund for "extraordinary" expenses of the children is not present support and cannot be considered in determining the adequacy of the support. Family court judges are urged to consider the fact that the custodial parent needs to know with some certainty the amount of support he or she can expect to receive on a regular basis so that the parent can make a financial plan for the family. Their orders should, therefore, provide for regularity and specificity of a given amount of support to meet specific needs.

In this context, we point out that the family court judge, in the exercise of discretion in determining the amount of child support, is to be guided by certain legal principles. First, the court's goal should be to order an amount of support that provides for the needs of the child. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970). Second, the parents should not be ordered to contribute a greater amount of support than they are capable of contributing, giving due consideration to their reasonable needs and expenses. *McElrath v. Walker,* _____ S. C. _____, 330 S. E. (2d) 313 (Ct. App. 1985). Third, the support ordered should be sufficient to permit the children to live commensurate with the standard of living to which they have been accustomed and commensurate with the father's standard of living. *Beinor v. Beinor,* 282 S. C. 181, 318 S. E. (2d) 269 (1984).

In this case, the family court discounted the children's need for their father's support for shelter. The decision rested solely on the fact that the children were living in their stepfather's house which was titled in his name alone. Since the record reveals no undertaking by

the stepfather to support the children, the conclusion was erroneous.

■ The court also discounted the mother's request for a contribution toward the intended purchase of a new car for transportation of the children without a finding that the need for transportation was otherwise being met by the parents of these children. In a divorce action, the family court is charged with protecting the interests of the minor children in proper care, custody and maintenance. S. C. Code Ann. Section 20-3-160 (1976). It was therefore error to discount the request for a contribution toward transportation without finding that it was otherwise provided for by the parents.

■ Finally, the court held obliquely that the mother was able to contribute financially to the support of the children:

> I find that the Petitioner [mother] is about to receive approximately $15,000.00 from the proceeds of the sale of a home which should be used toward her share of the support of the minor children.

The mother at the time of the remand hearing had the care and responsibility of three young children and was expecting a fourth child. She had no income or other substantial assets. We hold that the court's finding that she should contribute financially to their support from the proceeds of sale is clearly erroneous and against the preponderance of the evidence. It appears the court gave no value whatsoever to the mother's investment of her time and service in caring for the young children. We find that the mother is unable to contribute financially to the children's support and that the father has the means to provide for their financial support.[1]

For the reasons given above, we remand the case to the family court for a determination of adequate present support for the three children. The court is directed to consider not only the needs of the children as they presently exist and the father's ability to contribute support, but also the stan-

---

[1] We do not intimate that a homemaker mother should never be required to contribute toward the support of her children from assets other than income, but hold that under these circumstances to require her to do so is unfair.

dard of living to which these children were accustomed. We also remand for reconsideration the provisions that the father contribute in-kind support of at least $900 annually and that he maintain a trust fund for the children. It is our purpose and intent that this litigation be finally resolved and that these children receive adequate support in the future.

Remanded.

SHAW and BELL, JJ., concur.