22407

Saundrea Jill BAUER, Appellant, v. William R. BAUER, Respondent.

(337 S. E. (2d) 211)

Supreme Court

*Jean L. Perrin,* Lexington, *for appellant.*

*Joy S. Goodwin,* of *Levy & Goodwin,* Columbia, *for respondent.*

Heard Oct. 23, 1985.

Decided Nov. 13, 1985.

NESS, Chief Justice:

Wife appeals a final order of the family court which granted the parties a divorce, awarded alimony and child support, and divided marital property. She alleges numerous errors. We reverse in part, and remand.

Wife worked full-time for more than half of the parties' sixteen-year marriage. During the marriage, husband completed college and law school. Wife's income and money from her parents supported the family during this time. Throughout the marriage, wife's parents assisted the family financially in many ways, including furnishing the down payment on the first marital home and paying medical bills for wife and the two children.

The trial judge awarded wife fifty percent interest in the marital home and granted her exclusive possession of the home until she remarries, dies or the children become emancipated, whichever occurs first. Wife was ordered to pay one-half of the mortgage payments, taxes, insurance and necessary maintenance. She alleges error in the failure to award her a greater interest in the marital home. We agree. Under the facts of this case, wife is entitled to the full equity in the marital home. Husband shall be relieved of his responsibility to pay half the housing costs after the filing of this opinion. See, *Barnett v. Barnett,* 282 S. C. 343, 318 S. E. (2d) 570 (S. C. App. 1984).

The trial judge divided the personal property of the parties from a numbered list. One party received the items with odd numbers, and the other received the

items with even numbers. Wife asserts this was error. We agree.

The family court judge may use any *reasonable* means to distribute marital assets. *Bass v. Bass*, 285 S. C. 178, 328 S. E. (2d) 649 (S. C. App. 1985). The odd-even allocation is not a reasonable method of property division; rather, it is illogical and improper. The value of personal property distributed to each spouse was left to chance. The division of personal property is reversed, and the matter is remanded to the family court to effect an equitable division of personal property, with each party receiving fifty percent. Upon remand, the family court shall include the value of husband's interest in the Arabian horse partnership in his fifty percent share of the personal property.

Wife also asserts error in the insufficiency of the alimony and child support awards. These matters were previously remanded to the family court by order of retired Chief Justice Littlejohn for reconsideration in light of changed circumstances. We therefore decline to reach these issues.

The case is remanded to the family court for distribution of personal property in accordance with this opinion.

Reversed in part, modified and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.