1347

Elizabeth B. BUCKLER, Respondent v. Andrew A. BUCKLER, Appellant.
(381 S. E. (2d) 910)

Court of Appeals

*Richard B. Ness*, Bamberg, *for appellant.*
*James G. Felder*, St. Matthews, *for respondent.*

Heard March 21, 1989.

Decided June 5, 1989.

SHAW, Judge:

Respondent-wife, Elizabeth B. Buckler, initiated this action against appellant-husband, Andrew A. Buckler, seeking a divorce, custody of the children and equitable distribution. The family court judge held a separate hearing on the equitable distribution issue. From an order dividing the parties' marital assets and debts, the husband appeals. We affirm in part and reverse in part.

The parties were married in 1975 and have two children born of the marriage. At the time of the marriage, the wife owned a house on Broughton Street in which she had equity of approximately $27,500. The husband moved into the Broughton Street home which was fully furnished by the wife. The parties resided in the Broughton Street home for approximately eight years. In 1983, they moved into a newly built home on Jackson Street. In 1985, they sold the Broughton Street home. Mortgages were obtained on both the Broughton Street home and Jackson Street home in order to help finance Cars Incorporated, a business started by the husband. Cars Incorporated became a defunct corporation and the Jackson Street home went into foreclosure. No equity exists in the Jackson Street home.

The husband first contends the trial judge erred in finding the husband's drinking and gambling contributed to the breakup of the marriage. He argues this finding is unsupported by the evidence and there is no corroboration.

A review of the record shows the only evidence of this is the wife's testimony that her husband's gambling and drinking habit were personal problems which worried her. While this is little evidence to support such a finding, we find this to be harmless error. The hearing in this matter dealt solely with the issue of equitable distribution. The finding was not made in order to justify a ground for divorce. Further, in reading the trial judge's order, we find this factor was not relied upon in apportioning the marital property.

The husband also argues the trial judge erred in failing to include certain items in the marital property. Specifically, he challenges the exclusion of a thrift savings plan, money in a checking account, and the equity in an automobile.

The record reveals the wife joined a thrift savings plan through her employer, Central Soya Company, Incorporated. The wife had this account for approximately five years at the date of the hearing. Under the plan, for every dollar saved by the employee, the company contributed fifty cents. The wife made contributions to the account through voluntary payroll deductions. At the time of the trial, the wife had withdrawn $6,314.00 from the account and had a remaining balance of $5,962.80. The wife withdrew the $6,314.00 shortly after separation and used $5,000.00 as a down payment on a house. The trial judge found the $5,000.00 used as a down payment was marital property but found the balance of the amount withdrawn and that remaining in the account was non-marital property. We disagree.

Under the Equitable Apportionment of Marital Property Act, marital property means "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation...." § 20-7-473 South Carolina Code of Laws, 1976 (Supp. 1988). While the Act excludes certain property from the marital estate, the thrift savings plan falls under none of these exceptions. These funds were clearly acquired during the marriage. The fact the wife set funds aside from her paycheck without her husband's knowledge is not determinative. Neither is the fact the wife contends the funds are not immediately available to her. *See Kneece v. Kneece*, 296 S. C. 28, 370 S. E. (2d) 288 (Ct. App. 1988). We therefore reverse the portion of the trial judge's order finding only $5,000 of the thrift plan to be marital property. We find the amount withdrawn ($6,314.00) and the remaining balance in the plan ($5,962.80) are marital property and are to be distributed accordingly.

We disagree with the husband's claim that the trial judge erred in failing to include the equity in the marital car as marital property. The record shows the car had a value of $3,500 with a lien in the amount of $2,500

leaving equity in the amount of $1,000. The trial judge granted the wife the automobile with the obligation to pay the $2,500 debt. The result is the wife received all of the equity in the marital car. We hold this $250 is within the trial judge's discretion and is fair in the total 75/25 award.

We disagree with the husband's contention that the trial judge erred in failing to include in the marital estate funds from an alleged checking account owned by the wife. The husband argues the wife has a checking account with approximately $1,780.00 which is marital property because it was accumulated during the marriage of the parties. The only evidence in the record in regard to this account is the testimony of the husband as to its existence. There is no evidence regarding the source of these alleged funds and husband's argument that they are marital property is merely conclusory.

The husband further contends the trial judge erred in failing to include various debts as marital debts and ordering the wife to be responsible for a portion of these debts. We disagree. The wife was held equally responsible for certain marital debts. The husband was held solely responsible for certain other debts listed on his financial declaration. The husband testified these debts arose when he borrowed money in both his name and in the name of Cars Incorporated. He testified he put the borrowed funds into a company account and gave money to his wife out of this account to pay household expenses. It was the husband, not the wife, who personally endorsed these notes. Further, there is no evidence that all of the borrowed money was given to the wife for household expenses. We find this evidence insufficient to show a marital debt.

Finally, the husband contends the trial judge erred in apportioning the marital property 75% to the wife and 25% to the husband. The distribution of marital property is in the broad discretion of the trial judge. *Beinor v. Beinor*, 282 S. C. 181, 318 S. E. (2d) 269 (1984). The record reveals the wife made both substantial direct contributions to the marriage. She brought a fully furnished home into the marriage. She also earned $107,332 during the course of the marriage compared to $74,740 earned by the husband. She also made substantial indirect contributions through her

services as a wife and mother. We therefore hold the evidence supports the 75/25 distribution and find no abuse of discretion.

The order is affirmed in part and reversed in part.

BELL and GOOLSBY, JJ., concur.