650 S.E.2d 84

**Rita R. BROWN, Respondent,**

v.

**David E. BROWN, Appellant.**

**No. 4286.**

Court of Appeals of South Carolina.

Heard June 5, 2007.

Decided Aug. 9, 2007.

Rehearing Denied Sept. 20, 2007.

John S. Nichols, Ken H. Lester, of Columbia, for Appellant.
Peter L. Fuge, of Beaufort, for Respondent.

HEARN, C.J.:

In this domestic action, David E. Brown (Husband) alleges the family court erred in finding that unallocated support payments were non-deductible to him and non-taxable to Rita R. Brown (Wife), and in ordering Husband to amend his tax returns, file a joint return with Wife, or compensate Wife for the tax consequences she suffered. We affirm as modified.

## FACTS

The parties were married in May 1987. Wife instituted this action on November 13, 2003, seeking, inter alia, an award of temporary separate maintenance and support. In March, the family court entered a *pendente lite* order (the first order), which provided that "[t]his court will award unallocated family support to [Wife]. . . . [Husband] shall pay as unallocated family support the amount of $8,500.00 per month."

Approximately one year later, Wife filed a motion for additional temporary relief, requesting that the family court declare the unallocated support award non-taxable to Wife and non-deductible to Husband. Husband argued that according to the Internal Revenue Service, he was permitted to deduct the unallocated support payment, and he had done so in his tax return. After a hearing, the family court issued an order (second order) granting Wife's motion. The order provided:

> I know what I intended. It was and still is my intention that all *pendente lite* unallocated support that [Husband] was ordered to pay . . . is and shall be non-taxable to [Wife] and non-deductible to [Husband]. I have traditionally issued orders for unallocated support and when I do so, it is my intention that the unallocated support for the parties' family to be paid by [Husband] and non-taxable to [Wife] for state and federal income tax purposes. If it was to be taxable, I would have said it.

The family court also ordered Husband to either amend his tax returns to eliminate the 2004 deduction he claimed, to file a joint return with Wife, or to compensate Wife for the tax consequences of the unallocated support award. The family

court denied Husband's subsequent Rule 59(e) motion. This appeal followed.[1]

## STANDARD OF REVIEW

■■ In appeals from the family court, the appellate court has the authority to find facts in accordance with its own view of the preponderance of the evidence. *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005). In spite of this broad scope of review, we remain mindful that the family court judge saw and heard the witnesses and generally is in a better position to determine credibility. *Id.* The appellate court can, however, correct errors of law. *E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992).

## LAW/ANALYSIS

Husband argues the family court erred in holding the unallocated support payments were non-deductible to him and non-taxable to Wife. Specifically, Husband argues two errors by the family court. First, Husband alleges that the family court's first order awarding unallocated support allowed the amount to be deducted on his income tax returns. Second, he argues that the family court erred as a matter of law in holding that the unallocated support payments were non-deductible to him and non-taxable to Wife. We agree in part, disagree in part, and affirm as modified.

## I.

■ Husband argues that an award of unallocated support is traditionally deductible by him as the supporting spouse and taxable to Wife as the supported spouse. Particularly, Husband contends that the family court's first order awarding unallocated support to Wife was unambiguous, and therefore, allowed the amount to be deducted on his income tax returns. We agree.

---

1. Although Husband initially appealed from the denial of his post trial motion, this Court held the appeal in abeyance pursuant to *Neville v. Neville*, 278 S.C. 411, 297 S.E.2d 423 (1982), pending the issuance of the final order.

■ The issue of the tax implications of an unallocated support award has been addressed in South Carolina in *Delaney v. Delaney*, 278 S.C. 55, 293 S.E.2d 304 (1982) and *Beinor v. Beinor*, 282 S.C. 181, 318 S.E.2d 269 (1984). In both cases, the supreme court cited approvingly the notion that by making the award unallocated, the amount is taxable to the supported spouse and non-taxable to the supporting spouse. The *Delaney* court, in reviewing an unallocated support award, noted:

[The supporting spouse] has substantial income, [the supported spouse] has little or no income. Under these circumstances we believe shifting tax liability from the supporting spouse to the supported spouse which permits the supported spouse to net tangibly more child support and alimony because of the decrease in the supporting spouse's tax burden is good cause for non-allocation of child support and alimony.

*Delaney*, 278 S.C. at 56–57, 293 S.E.2d at 304–05. The *Beinor* court also cited this rationale, stating: "The trial judge awarded ... unallocated support for the [supported spouse] and children. By making the award 'unallocated,' the amount is taxable to the [supported spouse] and non-taxable to the [supporting spouse]." *Beinor*, 282 S.C. at 183, 318 S.E.2d at 269–70. Accordingly, in South Carolina an unallocated award of support is traditionally taxable to the supported spouse and deductible to the supporting spouse.[2]

---

**2.** Support for this South Carolina rule can also be found in *Kean v. Commissioner of Internal Revenue*, 407 F.3d 186 (3rd Cir.2005), a case cited to this court by both Husband and Wife. In *Kean*, the third circuit, in addressing the tax consequences of an award of unallocated support, stated:

Where support payments are unallocated, as in this case, the entire amount is attributable to the [supported] spouse's income. Otherwise, we would be left with a situation in which the portion of the unallocated payment intended for the support of the [supported] spouse would be taxable to the [supporting] spouse. This treatment of support payments is not accidental, and can benefit families going through a divorce.... By ordering the payor spouse to make an unallocated support payment taxable in full to the payee spouse, the couple may be able to shift a greater portion of their collective income into a lower tax bracket. Consequently, an unallocated payment order not only frees the parents from restrictive court instructions that dictate who pays for what, but may allow the parties to enjoy a tax benefit at a time when they face increased expenses as

The family court's first order provided that "[t]his court will award unallocated family support to [Wife].... [Husband] shall pay as unallocated family support the amount of $8,500.00 per month." This order made no reference whatsoever to the tax burdens of either Husband or Wife nor did it allocate the tax burdens in a manner different from the traditional rule found in *Delaney* and *Beinor*. Therefore, given the traditional treatment of the tax implications of an award of unallocated support, as well as the unambiguous language of the family court's order, Husband was justified in deducting the $8,500 in unallocated support from his 2004 individual tax return. Because we agree with Husband that the initial order was not ambiguous, it was error for the trial judge to make the second order retroactive.[3]

## II.

■ The above holding, however, does not fully resolve this matter because the family court issued a second order addressing the respective tax burdens of each party.[4] Husband argues that the family court erred in holding the unallocated support payments were non-deductible to him and non-taxable to Wife in the second order. We disagree.

The South Carolina Code specifically allows a family court judge to allocate the intended tax consequences for support payments. It provides:

they establish independent homes. This advantage would be lost by taxing all unallocated payments to the payor spouse.
*Kean*, 407 F.3d at 192–93.

3. As a result of our holding, Husband does not need to amend his tax returns to eliminate the 2004 deduction he claimed on his individual tax return, file a joint return with Wife for that year, or to compensate Wife for the tax consequences of the unallocated support award. Husband must only take the steps necessary to comply with the family court's second order that rendered the unallocated support payments taxable to him and non-taxable to Wife for the period from the issuance of the second order to the final decree of divorce that allocated the support in this matter.

4. This second order resulted from Wife's motion for additional temporary relief that requested the family court declare the unallocated support award non-taxable to her and non-deductible to Husband.

The court may elect and determine the intended tax effect of the alimony and separate maintenance and support as provided by the Internal Revenue Code and any corresponding state tax provisions. The Family Court may allocate the right to claim dependency exemptions pursuant to the Internal Revenue Code and under corresponding state tax provisions and to require the execution and delivery of all necessary documents and tax filings in connection with the exemption.

S.C.Code Ann. 20–3–130(F) (Supp.2006). Additionally, the Internal Revenue Code includes in the definition of gross income an alimony or support payment only when the "the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction...." 26 U.S.C.A. 71(b)(1)(B).[5]

Both South Carolina law and the Internal Revenue Code provide the family court authority to allocate the intended tax consequences of the award of support for both Husband and Wife. Therefore, the family court has the authority to allocate the tax consequences, and we affirm the family court's decision in the second order to make the award of support non-deductible to Husband and non-taxable to Wife.[6]

---

**5.** The Internal Revenue Service has interpreted this section to allow courts to allocate the tax burden of an award of unallocated support. In answering how parties may alter the tax consequences of support payments to allow such payments to be excludible from the gross income of the supporting spouse and excludible in the income of the supported spouse, the IRS stated, "If the spouses are subject to temporary orders the designation of otherwise qualifying [support payments] as nondeductible [by the supporting spouse] and excludible [from the income of the supported spouse] must be made in the original or a subsequent temporary support order." 26 C.F.R. § 1.71–1T (2007).

**6.** We find it necessary to provide clarification to the family court on this issue of unallocated support and the potential tax implications of such an award. The family court judge stated she traditionally issues orders for unallocated support, and it is always her intent that an award of unallocated support be non-deductible to the supporting spouse and non-taxable to the supported spouse. An award of unallocated support does not accomplish this tax consequence alone. *See Delaney v. Delaney*, 278 S.C. 55, 293 S.E.2d 304 (1982); *Beinor v. Beinor*, 282 S.C. 181, 318 S.E.2d 269 (1984). As we have already noted, an unallocated award of support is traditionally taxable to the supported spouse and

## CONCLUSION

For the foregoing reasons, the order of the family court is hereby.

**AFFIRMED AS MODIFIED.**

STILWELL, J., and CURETON, A.J., concur.

---

deductible to the supporting spouse. Therefore, absent the family court specifically allocating the tax implications among the parties, as allowed under section 20–3–130(F) of the South Carolina Code and 26 U.S.C.A. § 71, an unallocated award of support is deductible to the supporting spouse and taxable to the supported spouse. Absent such a finding, unallocated support would be deductible to the supporting spouse and taxable to the supported spouse. Here, the family court judge made a specific finding that this award was to be non-deductible to the Husband and non-taxable to the Wife; however, had the court not made that specific allocation, the unallocated award of support would have been deductible by Husband and taxable to Wife.