**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Sarah Jo Gaylord, Respondent,

v.

Jules Robert Duncan Gaylord, Appellant.

Appellate Case No. 2011-186667

———————

Appeal From Georgetown County
Jan Bromell Holmes, Family Court Judge

———————

Unpublished Opinion No. 2012-UP-571
Heard September 12, 2012 – Filed October 24, 2012

———————

**AFFIRMED**

———————

G. Robin Alley, of Isaacs & Alley, LLC, of Columbia,
for Appellant.

Anne E. Janes and M. Elizabeth Snyder, both of Sherrill
& Janes, PA, of Surfside Beach, for Respondent.

———————

**PER CURIAM:** In this appeal from a final order of divorce, Appellant Jules Robert Duncan Gaylord (Husband) argues the family court erred in (1) apportioning the marital estate between the parties; (2) finding the promissory notes executed in favor of Husband's mother were unenforceable; (3) dividing the

marital property in a manner that was arbitrary, inequitable, and unreasonable; (4) qualifying Lee Camp as an expert in the appraisal of personal property; (5) ordering Husband to pay all of Respondent Sarah Jo Gaylord's (Wife) attorney's fees and costs; (6) finding Husband in willful contempt of court and providing the sole remedy through which Husband could purge himself of contempt was payment of $189,016.21 by Qualified Domestic Relations Order from his retirement accounts; and (7) awarding Wife $2,500 per month in permanent periodic alimony. We affirm.

1. As to whether the family court erred in apportioning the marital estate, we find no abuse of discretion because the family court properly considered all fifteen statutory factors and the apportionment was both fair and equitable. *See Reiss v. Reiss*, 392 S.C. 198, 211, 708 S.E.2d 799, 806 (Ct. App. 2011) ("The apportionment of marital property will not be disturbed on appeal absent an abuse of discretion." (internal quotation marks omitted)); S.C. Code Ann. § 20-3-620(B) (Supp. 2011) (providing fifteen factors the family court is to consider in apportioning the marital estate, but also affording the family court discretion to give such weight to each factor as it finds appropriate); *Fitzwater v. Fitzwater*, 396 S.C. 361, 369, 721 S.E.2d 7, 11 (Ct. App. 2011) ("On appeal, this court looks to the overall fairness of the apportionment, and it is irrelevant that this court might have weighed specific factors differently than the family court." (internal quotation marks omitted)).

2. As to whether the family court erred by finding the promissory notes executed in favor of Husband's mother were unenforceable, we find no error because the applicable three-year statute of limitations barred enforcement of the notes. *See Coleman v. Page's Estate*, 202 S.C. 486, 488-89, 25 S.E.2d 559, 559-60 (1943) ("[T]he law is well settled that a promissory note payable on demand, with or without interest, is due immediately, and that the statute of limitations runs in favor of the maker from the date of the execution of the instrument."); S.C. Code Ann. § 15-3-530(1) (2005) (providing the statute of limitations for an action upon a contract, obligation, or liability is three years); *Jenkins v. Meares*, 302 S.C. 142, 146, 394 S.E.2d 317, 319 (1990) (indicating the general rule that statutes of limitations apply retroactively is merely a rule of construction and is subject to the paramount rule that the intent of the legislature determines whether a statute will have prospective or retroactive application); 2008 S.C. Act. No. 204, §§ 2, 4-5 (unambiguously expressing the legislature's intent that the six-year statutory period provided by section 36-3-118(b) (Supp. 2011), during which a party may commence an action to enforce payment of a note made payable on demand, only

applies to demand notes issued after July 1, 2008). Husband also argues that the payment of interest on the notes tolled the statute of limitations. While the record does support Husband's assertion that he paid interest on the notes, he nonetheless failed to argue to the family court that the interest payments tolled the statute of limitations. The family court found a three-year statute of limitations applied to the notes; however, in Husband's Rule 59(e), SCRCP, motion to alter or amend, his sole ground for challenging the family court's finding was that the correct statute of limitations was six years pursuant to section 36-3-118(b). Husband raised the issue that interest payments tolled the statute of limitations for the first time on appeal in his reply brief; therefore, we find the issue unpreserved for appellate review. *See In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) ("An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court.").

3. As to whether the family court erred by dividing the marital property in a manner that was arbitrary, inequitable, and unreasonable, we find no abuse of discretion because the family court used reasonable means to divide the marital property in an equitable manner. *See Mosley v. Mosley*, 390 S.C. 524, 532, 702 S.E.2d 253, 258 (Ct. App. 2010) ("The division of marital property is within the family court's discretion and will not be disturbed on appeal absent an abuse of that discretion." (citation omitted)); *Bauer v. Bauer*, 287 S.C. 217, 219, 337 S.E.2d 211, 212 (1985) ("The family court judge may use any reasonable means to distribute marital assets." (citation omitted)). As to the Tyson Drive property, the family court valued the property at $550,000, subject to completion, and found Wife's equitable interest in the property to be $275,000. Husband argues the family court's division of the Tyson Drive property was arbitrary because Wife is guaranteed $275,000, regardless of its actual value. Husband contends that the court should have ordered the Tyson Drive property to be auctioned. A review of the record shows that it was the parties' intent for Husband to complete the home so that Wife and their children could move in, but Husband failed to do so. In awarding Wife $275,000 for Tyson Drive, rather than half the value of the sale, the family court used reasonable means to remedy an inequity. *Fitzwater*, 396 S.C. at 369, 721 S.E.2d at 11 (holding the family court may use "any reasonable means to divide the property equitably"). Further, an appraiser testified that the value of the Tyson Drive property, when completed, would be $550,000. Because the family court awarded Wife half of the appraised value of the home, the family court did not abuse its discretion in awarding Wife $275,000 for the Tyson Drive property. *See Skipper v. Skipper*, 290 S.C. 412, 414, 351 S.E.2d 153, 154 (1986) (providing

that absent an agreement between the parties otherwise, the family court should divide property according to value).

4.  As to whether the family court erred by qualifying Lee Camp as an expert in the appraisal of personal property, we find no abuse of discretion because evidence exists from which the family court could reasonably determine Camp's practical experience provided him sufficient knowledge to assist the court in valuing the marital property. *See Gadson v. Mikasa Corp.*, 368 S.C. 214, 228, 628 S.E.2d 262, 269 (Ct. App. 2006) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's sound discretion." (citation omitted)); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Gadson*, 368 S.C. at 228, 628 S.E.2d at 270 (providing it is within the trial court's discretion to qualify a witness as an expert "as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge" (citation omitted)); *id.* ("An expert is not limited to any class of persons acting professionally [and t]here is no exact requirement concerning how knowledge or skill must be acquired." (citation omitted)); *High v. High*, 389 S.C. 226, 236, 697 S.E.2d 690, 695 (Ct. App. 2010) ("Defects in an expert witness' education and experience go to the weight, not the admissibility, of the expert's testimony." (internal quotation marks omitted)).

5.  As to whether the family court erred by ordering Husband to pay all of Wife's attorney's fees and costs, we find no abuse of discretion. *See High*, 389 S.C. at 249, 697 S.E.2d at 702 ("In family court, the award of attorney's fees is left to the discretion of the judge and will only be disturbed upon a showing of abuse of that discretion." (citation omitted)). The record indicates the family court properly considered each statutory factor and made findings of fact and conclusions of law supported by the evidence. *See Farmer v. Farmer*, 388 S.C. 50, 57, 694 S.E.2d 47, 51 (Ct. App. 2010) ("A family court should first consider the following factors . . . in deciding whether to award attorney's fees and costs: (1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living." (citing *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992))); *Farmer*, 388 S.C. at 57, 694 S.E.2d at 51 ("After deciding to

award attorney's fees, a family court should then consider the following factors . . . in deciding how much to award in attorney's fees and costs: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." (citing *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991))); *Dickert v. Dickert*, 387 S.C. 1, 10–11, 691 S.E.2d 448, 453 (2010) (holding the family court did not abuse its discretion in awarding attorney's fees and costs because the court properly considered the *E.D.M.* and *Glasscock* factors).

6. As to whether the family court erred by finding Husband in willful contempt of court, we find Husband's trial testimony provided clear and convincing evidence that Husband willfully violated a court order by dissipating and/or disposing of marital assets. *See DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) (providing a finding of civil contempt rests within the sound discretion of the trial court, and such a finding should not be disturbed on appeal unless it is unsupported by the evidence or the court has abused its discretion); *id.* ("Civil contempt must be shown by clear and convincing evidence." (citation omitted)); *Woodside v. Woodside*, 290 S.C. 366, 379, 350 S.E.2d 407, 415 (Ct. App. 1986) ("A person is in contempt when he willfully disobeys a court order."); *Bartlett v. Rachels*, 375 S.C. 348, 352, 652 S.E.2d 432, 435 (Ct. App. 2007) ("For purposes of contempt, an act is willful if done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (internal quotation marks omitted)). Furthermore, we find it was within the family court's discretion to order Husband imprisoned for 90 days with the option to purge himself of contempt by providing Wife half the value of the marital property that Husband had dissipated or disposed of. *See Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) (providing courts have the inherent power to punish acts of contempt by fine or imprisonment).

7. As to whether the family court erred by awarding Wife $2,500 per month in permanent periodic alimony, we find no abuse of discretion. *See Pittman v. Pittman*, 395 S.C. 209, 216, 717 S.E.2d 88, 92 (Ct. App. 2011) ("[A]n award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion."); S.C. Code Ann. § 20-3-130(A) (Supp. 2011) (providing the family court may award alimony "in such amount[] and for such term as the court considers appropriate"). The record indicates the family

court properly considered each statutory factor and made findings of fact and conclusions of law that were supported by the evidence. *See* S.C. Code Ann. § 20-3-130(C) (Supp. 2011) (providing thirteen factors the family court must consider in making an award of alimony, but allowing the court discretion to give weight to each factor in such proportion as it finds appropriate); *Reiss*, 392 S.C. at 209, 708 S.E.2d at 805 (finding family court's award of alimony to wife and its determination as to the amount of alimony did not constitute an abuse of discretion, where the court listed each factor it was statutorily required to consider and made findings of fact supported by the evidence and conclusions of law regarding each factor); *id.* ("In reviewing an award of alimony, we do not reweigh the statutory factors . . . ."); *Brown v. Brown*, 375 S.C. 48, 52, 650 S.E.2d 84, 86 (Ct. App. 2007) (noting that in South Carolina, "an unallocated award of support is traditionally taxable to the supported spouse and deductible to the supporting spouse"); *Smith v. Smith*, 386 S.C. 251, 271, 687 S.E.2d 720, 731 (Ct. App. 2009) (finding wife was not voluntarily underemployed so as to require the family court to impute income to her for purposes of calculating alimony or husband's child support obligation when parties mutually agreed during marriage that wife would no longer teach in the public school system so she could spend more time at home with the couple's daughter).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**