**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ambrose Anoruo, Appellant,

v.

Florence Anoruo, Respondent.

Appellate Case No. 2012-212386

———————————

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-202
Submitted March 1, 2014 – Filed May 21, 2014

———————————

**AFFIRMED**

———————————

R. Bentz Kirby and Glenn Walters, Sr., both of Glenn Walters & Associates, PA, of Orangeburg, for Appellant.

Lakesha W. Jeffries, of Jeffries Law Firm, LLC, of Orangeburg, for Respondent.

———————————

**PER CURIAM:** Ambrose Anoruo (Husband) appeals the family court's award of alimony to Florence Anoruo (Wife), arguing the family court erred in failing to consider Wife's exaggeration of her living expenses and Wife's future earning capacity. We affirm.

The preponderance of the evidence supports the family court's factual findings, and the alimony award is equitable and just. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual finding will be affirmed unless [the] appellant satisfies this court that the preponderance of the evidence is against the finding of the family court." (internal quotation marks omitted)); *Davis v. Davis*, 372 S.C. 64, 79, 641 S.E.2d 446, 454 (Ct. App. 2006). ("It is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded."). The family court's order considered each of the thirteen statutory factors, and its findings are supported by the record. *See* S.C. Code Ann. § 20-3-130(C) (2014) (listing factors a court must consider when determining award of alimony). "The family court may weigh these factors as it finds appropriate." *Fuller v. Fuller*, 370 S.C. 538, 549, 636 S.E.2d 636, 642 (Ct. App. 2006). "No one factor should be considered dispositive." *Lide v. Lide*, 277 S.C. 155, 157, 283 S.E.2d 832, 833 (1981). Although section 20-3-130(C) requires the family court to consider and give appropriate weight to each of the thirteen factors, it does not require a full explanation of the weight accorded to each factor. *Way v. Way*, 398 S.C. 1, 10-11, 726 S.E.2d 215, 220 (Ct. App. 2012).

Husband contends the family court failed to consider Wife's exaggeration of her living expenses. However, the family court considered Wife's exaggeration of her expenses when it found she inflated them. The family court also determined Husband inflated his expenses and his expenses were more unreasonable than Wife's expenses, and a preponderance of the evidence supports this finding. For example, although Husband testified he lived alone, he stated he paid $700 per month on food and household supplies. Additionally, he stated he was renting a three-bedroom home for $1,500 per month, which was higher than the primary mortgage on the marital home. Further, he testified he spent $3,023.33 per month on travel expenses.

Husband also contends the family court should have considered Wife's future earning capacity when determining alimony. The family court did consider Wife's future earning capacity in its order when it stated, "[Wife's] earning capacity will be increased if she completes her PhD." This single factor, however, is not dispositive. *See Lide*, 277 S.C. at 157, 283 S.E.2d at 833 ("No one factor should be considered dispositive."). The family court based its award of alimony on several other facts, including the thirty-year duration of the marriage; the fact that Husband worked full-time throughout the marriage whereas Wife did not work outside the home until 1999; the fact that Husband earned $150,000 per year prior to stepping down from his position at Texas A&M University; the parties' comfortable standard of living during the marriage; the equal division of marital

property between the parties; and Husband's fault in causing the break-up of the marriage.

Based on the foregoing, we find a preponderance of the evidence supports the family court's award of alimony and the award of alimony was equitable and just.

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.